### CORONIS v. DETROIT EDISON CO.

1. NEGLIGENCE — MOTOR VEHICLES — PERSONAL INJURIES—EXTENT
   OF INJURIES QUESTION FOR JURY.
      In an action for personal injuries claimed to have been
      caused to plaintiff when he was struck by defendant's
      truck, the extent of his injuries and whether his present
      physical condition is due to the injuries received in the
      accident or to other causes, were questions for the jury,
      under conflicting testimony.[1]

2. TRIAL—CREDIBILITY OF WITNESSES FOR JURY.
      Primarily, the credit to be given the various witnesses is
      for the jury.[2]

3. DAMAGES—EXCESSIVE VERDICT—PERMANENT INJURIES.
      A verdict for $5,500 for injuries to a barber incapacitating
      him for work for over two years, where the evidence shows
      that prior to the accident he earned from $35 to $50 a

[1]Motor Vehicles, 28 Cyc. p. 48; [2]Trial, 38 Cyc. p. 1518.
On excessiveness of damages in actions for personal injuries
other than death, see note on L. R. A. 1915F, 30.

week, that he suffered considerable pain, that he was suffering from. traumatic neurosis, and that it was permanent, cannot be said to be excessive.[3]

Error to Wayne; Chester (Guy M.), J., presiding. Submitted June 8, 1926.    (Docket No. 18.)    Decided July 22, 1926.

Case by Solon Coronis against the Detroit Edison Company for personal injuries.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Bishop, Kilpatrick & Weaver,* for appellant.

*Dohany & Dohany,* for appellee.

FELLOWS, J.    Plaintiff recovered judgment in a personal injury case for $5,500, and the only assignments of error grow out of the refusal of the court to grant defendant's motion for a new trial based on the claim that the verdict was against the overwhelming weight of the evidence and was excessive in amount. Plaintiff admittedly was struck on Michigan Avenue, Detroit, by a truck owned by defendant and driven by one of its employees.    He was a barber by trade and claimed to be earning from $45 to $50 a week; there was other testimony that his earnings were $35 a week.    Whether defendant's driver was negligent and plaintiff was free from contributory negligence were clearly jury questions and we do not understand defendant's counsel to urge that the finding on these questions was against the clear weight of the evidence; such a claim would be untenable.    The controversy in the court below and here revolve around the extent of plaintiff's injuries and whether his present physical condition is due to the injuries received in the accident or to other causes.    In deciding the motion, the trial judge said:

---

[3]Damages, 17 C. J. § 457.

"Plaintiff claims that there was a fracture of the clavicle bone, ribs were scraped and brazed, two were broken, left hand injured so that his fingers do not function, that his ear was injured, spine was injured on the left side; that he has a tremor or trembling in his arms and body that he did not have before this injury; that since the injury he has not been able to do work in his trade of barber; that before this injury he was earning from $40 to $50 a week; that since this injury he has not been able to work at his trade but very little, and when he does he cannot do his work well.

"There was nothing on the trial that indicated that the verdict might be or was the result of any prejudice or sympathy, and in the opinion of the court the verdict is not against the weight of evidence.

"From the evidence produced regarding the condition of this plaintiff, it cannot be said that the verdict is excessive."

After the accident plaintiff was taken to the Receiving hospital where he remained three or four days; from there he was transferred to Harper hospital and was there seven weeks; he then went to the Marine hospital and was there three months; then he went to the Henry Ford hospital for four or five weeks; after that he was in the ex-soldiers' domiciliary quarters at Dayton, Ohio, where he remained until April, 1925. The accident occurred March 6, 1923, and the case was tried June 23, 1925. Plaintiff's testimony is substantially without dispute that he was unable to work at his trade during this period and that he suffered considerable pain. There was testimony, medical and lay, that his condition was not due to the accident. There was medical testimony that it was due to the accident and that at the time of the trial he was suffering from traumatic neurosis and that it was permanent. If plaintiff's condition was as detailed by him and as testified to by the physician called by him and was due to the accident, the verdict was none too large. If his condition was not as claimed or it

was not due to the accident, the verdict was not warranted.    Primarily, the credit to be given the various witnesses was for the jury.    The case was very carefully tried. . There were no appeals . to passion, prejudice or sympathy.    The trial judge who heard and saw the witnesses placed his approval on the verdict.    In *Pachuczynski* v. *Railway*, 202 Mich. 594, this court in considering a similar question said:

"But in the determination of the question in this court it must be borne in mind that this court is not the trier of the facts.    We cannot invade the province of the jury.    It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence."

Measured by this rule, and numerous cases support it, we are not persuaded that we should disturb the verdict.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.