## WESTMAN *v.* BRUMM.

1. FRAUD—RESCISSION—AFFIRMANCE—DIFFERENCE IN MEASURE OF
   DAMAGES.

   Whether action for fraud in sale of shares of stock is brought
   on theory of rescission or on theory of affirmance, evidence of
   fraud is practically the same, but measure of damages is dif-
   ferent; in rescission plaintiff may recover back what he has
   paid, and in affirmance plaintiff may recover difference be-
   tween value of stock as represented and its real value.

2. APPEAL AND ERROR—PARTIES HELD TO THEORY ON WHICH CASE
   WAS TRIED.

   On review, parties will be held to theory upon which cause was
   tried without objection in trial court.

3. TRIAL—FRAUD—PLEADING—OBJECTION THAT RESCISSION NOT
   SHOWN COMES TOO LATE AFTER CASE TRIED ON THEORY OF AF-
   FIRMANCE.

   Although declaration in action for fraud in sale of shares of
   stock was on theory of rescission, where evidence on both sides
   was on theory of affirmance, and plaintiffs' counsel, in answer
   to court's question at conclusion of proofs, claimed damages
   on theory of affirmance, defendant's objection, raised for first
   time after court had filed findings, that plaintiffs had pleaded
   rescission and failed to prove it, and that court erred in find-
   ing and awarding judgment to plaintiffs, comes too late; no
   point having been made that filing declaration constituted
   election of remedy.

4. FRAUD—ACCEPTANCE OF DIVIDENDS—WAIVER.

   Right of action for fraud in sale of shares of stock was not
   waived by purchasers' acceptance and retention of dividends
   after learning of fraud, where contract of sale was fully
   executed.

5. SAME—WEIGHT OF EVIDENCE.

   In action for fraud in sale of shares of stock, finding of fraud
   by court, *held*, not against weight of evidence, where sup-
   ported by testimony of qualified disinterested witnesses, al-
   though defendant had testimony of qualified witnesses to
   contrary.

6. Same—Evidence—Sufficiency.

> In action for fraud in sale of shares of stock, evidence that purchasers knew nothing about its value and relied on representations of seller, who professed expert knowledge thereon, and that actual value was much less than represented, was 'sufficient to sustain finding of fraud and judgment in favor of purchasers.

Error to Muskegon; Vanderwerp (John), J. Submitted June 12, 1929. (Docket No. 82, Calendar No. 33,736.) Decided December 3, 1929.

Case by Jonas and Martha Westman against Philmore H. Brumm for fraud in the sale of shares of stock. From a judgment for plaintiffs, defendant brings error. Affirmed.

*George S. Lovelace,* for plaintiffs.

*Christian A. Broek,* for defendant.

Clark, J. Plaintiffs, husband and wife, 81 and 77 years old respectively, born in Sweden, in this country nearly 43 years, of very limited knowledge and experience respecting business of the character here attempted by them, owning 26 shares of capital stock of Consumers Power Company valued at $2,600, exchanged it, at the solicitation of defendant, a stock salesman, for 55 shares of capital stock of Foulds Company, and paid to boot $95 in cash. Plaintiffs accepted four dividend checks from the Foulds Company. Claiming to have been defrauded in the exchange, they brought this suit.

Trial was without a jury. The court filed findings and gave judgment to plaintiffs for $1,200. Defendant brings error.

It is urged that plaintiffs pleaded rescission and failed to prove it, that there is no evidence of restoration of the certificates of stock received by

plaintiffs, nor of an offer to restore, necessary to maintenance of an action at law on the theory of rescission, and that the court therefore erred in his finding and in awarding judgment.

The declaration is on the theory of rescission. The trial throughout is on the theory of affirmance of the transaction and recovery of damages for the fraud. The evidence of fraud would be practically the same on either theory, but there is marked difference respecting damages. In rescission a plaintiff may recover back what he has paid or parted with. In affirmance the measure of plaintiff's damage is the difference in value of the property he bought as it was represented and as it was. Here the evidence relative to damages on both sides is on the theory of an affirmance, the theory of the trial. The evidence shows no rescission. At the conclusion of proofs the court asked plaintiffs' counsel what he claimed as to measure of damages, and he stated his claim on the theory of affirmance. Defendant's objection was not made during the trial and not raised until after the court had filed his findings, when it was proposed as an amendment. It came too late. Parties will be held in this court to the theory upon which the cause was tried without objection in the circuit court. 3 C. J. p. 723.

It may be noted that no point is made that filing the declaration constituted an election of remedies. *Donovan* v. *Curts,* 245 Mich. 348.

Defendant contends that plaintiffs' accepting dividends on the Foulds Company stock after learning of the fraud is a waiver of right of action. This was a fully executed contract or transaction. Plaintiffs might retain the dividends in any event (*Stowe* v. *Mather,* 247 Mich. 329), and accepting them was not here a waiver. 27 C. J. p. 25.

Lastly, it is contended that the finding of fraud is against the clear weight of the evidence. A claimed misrepresentation is that of value of the Foulds Company stock. Plaintiffs had testimony of qualified disinterested witnesses that the value was not as represented, that the disparity was at least as great as that found by the trial court. Defendant had testimony of qualified witnesses to the contrary. We cannot sustain the contention. Defendant professed expert knowledge of the value. Plaintiffs knew nothing about it. They relied on the representation, which, proving false, sustains the finding and judgment. *O'Neill* v. *Kunkle,* 244 Mich. 653, and cases cited.

Judgment affirmed.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.