BARKER *v.* FORDVILLE LAND CO.

1. VENDOR AND PURCHASER—FRAUD—REMEDIES.

Vendee, fraudulently induced to execute land contract, on discovering fraud, could sue in equity for rescission of contract, tender back property and sue to recover purchase money paid, or keep property and sue persons by whom he had been defrauded for damages.

2. SAME—RESCISSION—RIGHT TO RECOVER PURCHASE PRICE—PARTIES.

If vendee proceeded properly to repudiate contract on ground of fraud, and surrendered his interest therein, he could sue vendors for purchase money paid, on theory that it was paid without consideration, but said suit would lie against vendors only.

3. SAME—ACTION FOR DAMAGES—PARTIES.

Vendee, defrauded in execution of land contract, could elect to abide by contract and bring action for damages against all persons who perpetrated or assisted in perpetrating fraud upon him.

4. SAME—RESCISSION—TENDER BACK—DIRECTED VERDICT.

Where vendee, claiming fraud in execution of land contract, sought to surrender contract physically without assigning it in writing to vendors or transferring his interest in land acquired thereby pursuant to statute (3 Comp. Laws 1929, § 13411), he had not rescinded contract, and therefore was not entitled to maintain suit to recover money paid on purchase price.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted April 7, 1933. (Docket No. 61, Calendar No. 36,985.) Decided June 29, 1933.

Action by James A. Barker against Fordville Land Company, a Michigan corporation, and others to recover sums paid on land contract. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*John G. Cross,* for plaintiff.

POTTER, J. Plaintiff, vendee in a land contract which he claims was induced by the fraud of vendor's agents, defaulted in payments thereon. Vendor, in pursuance of the contract, gave notice of such default, election to retain the payments made on the contract, and took and now holds possession of the premises. Plaintiff sued defendants to recover the money paid by him as a part of the purchase price of the property, the declaration counting on the fraud and containing the common counts in assumpsit. From a verdict for defendants, directed by the trial court, plaintiff appeals.

When plaintiff discovered he had been defrauded, 1. He could sue in equity for rescission of the contract; 2. Tender back the property to the vendor, and sue to recover the purchase money paid; or 3. Keep the property and sue the persons by whom he had been defrauded for damages. *Warren* v. *Cole,* 15 Mich. 265; *Lenox* v. *Fuller,* 39 Mich. 268; *Stockham* v. *Cheney,* 62 Mich. 10; *Wegner* v. *Herkimer,* 167 Mich. 587; *Merlau* v. *Kalamazoo Circuit Judge,* 180 Mich. 393; *Bryan* v. *Houseman-Spitzley Corp.,* 213 Mich. 236.

Plaintiff had a right, if he proceeded properly, to repudiate the purchase, surrender his interest in the property to the vendors, and sue for the pur-

chase price. Such suit would be based upon the theory the contract was void, the money paid by him without consideration. It would disregard the contract, treat it as of no binding force, and seek to recover the money paid as paid without consideration. It would lie only against the vendors who received plaintiff's money. Plaintiff might elect to abide by the contract, keep the property purchased, though the contract was fraudulently induced, and maintain a suit to recover damages for the fraud and deceit practiced on him. Such suit would not be based upon vendors' profit by fraud—upon the theory that defendants had received something for which they should account—but would be a suit based upon plaintiff's right to recover his loss by reason of fraud inducing such loss. All persons who perpetrated or assisted in perpetrating the fraud could be joined as defendants. One class of cases is based upon repudiation of the contract, the other upon affirmance of the contract.

Plaintiff sought to surrender physically the contract of plaintiff to defendants. No attempt was made to assign the contract in writing to vendors or to transfer the interest in the lands acquired on contract by plaintiff by deed or conveyance in writing in pursuance of 3 Comp. Laws 1929, § 13411. Plaintiff therefore had not rescinded the contract, and may not recover the money paid as a part of the purchase price on the lots. Whether plaintiff could maintain an action for damages for fraud, independent of rescission, is not before us by plaintiff's declaration.

Judgment affirmed, with costs.

CLARK, SHARPE, FEAD, and WIEST, JJ., concurred with POTTER, J. MCDONALD, C. J., and NORTH and BUTZEL, JJ., concurred in the result.