OWENS v. CITY OF DETROIT.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECORD.
    Case is remanded to circuit court for proceedings to continue from
    the time of the joining of issue by the pleadings, where it is
    not clear from the record presented just what the Supreme
    Court is called upon to decide, whether the procedural question
    as to the sufficiency of the pleadings, as limited by the pretrial
    statement, to encompass the issue of bus driver's alleged negli-
    gence in starting the bus, the sufficiency of testimony to create
    some issue of fact that had been agreed to in chambers, issue
    of law as to obligation of the driver, if any, to see that plain-
    tiff reached a position of safety on the bus, and the necessity
    of driver to anticipate an alleged illegal act by a pedestrian
    under the circumstances.

2. COSTS—REMAND.
    No costs are awarded on appeal in action arising from injuries
    received when passenger bus stopped suddenly, where case is
    remanded for proceedings to continue from time of the joining
    of issue by pleadings.

Appeal from Wayne; Sullivan (Joseph A.), J.
Submitted October 10, 1963. (Calendar No. 26,
Docket No. 50,066.) Decided December 2, 1963.

Case by William L. Owens against the City of
Detroit, a municipal corporation, Department of
Street Railways, for personal injuries sustained
when thrown by sudden movement of bus. Judg-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 936, 962, 963.
[2] 5 Am Jur 2d, Appeal and Error § 1009.

ment for defendant. Plaintiff appeals. Order vacated and cause remanded for further proceedings.

*August, Frimet & Goren* (*Gilbert M. Frimet,* of counsel), for plaintiff.

*Leo A. Sullivan* and *David Grainer,* for defendant.

O'HARA, J. Plaintiff was injured in a fall on a bus operated by the department of street railways of the city of Detroit. He brought this action to recover for those injuries which he alleges resulted therefrom. His declaration, as amended, charged that defendant's employee driver:

(a) Failed to maintain a proper lookout.

(b) Knew of overcrowding of the bus at the stop where plaintiff boarded and knew of pedestrians' penchant for darting in and out of traffic at this location; that this combination created a danger which required "due care", and *proceeded to move the bus without regard to the position of plaintiff or his safety.* (Emphasis this Court's.)

(c) Permitted the vehicle to get out of control.

(d) Operated the bus at a dangerous and excessive speed under the existing circumstances.

Defendant denied its agent's negligence. It affirmatively alleged negligence "and/or" contributory negligence on plaintiff's part in failing to take proper precaution for his own safety. It further alleged, as an affirmative defense, that a pedestrian walked negligently into the path of the bus requiring defendant's driver to bring it to a sudden stop to avoid striking him.

In the pretrial statement, the following entries appear:

"Plaintiff's version:   *   *   *   The defendant, through its agent driver, was aware of this condition

of overcrowding, but failed to use due care in determining whether the passengers in the bus were in a position of safety before proceeding into and out of this heavy and congested traffic.

"*The defendant proceeded to move the bus without due care and caution so that it lurched, jerked and came to a sudden violent stop.*

"Defendant's version: \* \* \* *It is this defendant's contention that the sudden stop and its alleged resulting consequences were due to the* \* \* \* *negligent and reckless act of the unidentified pedestrian and the contributory negligence of the plaintiff in that he did not take the proper precaution for his own safety.*"

A jury had been demanded but under some arrangement, the details of which were not included in the record, the jury was not drawn and plaintiff's counsel began his opening statement to the court.

The following exchanges between the court and the attorneys then took place:

"*The Court:* You're going to make the opening statement, counsel?

"*Mr. Frimet* [plaintiff's counsel]: May it please the court—."

Here followed the outline of plaintiff's case based on foreknowledge of the likelihood of a necessitated sudden stop, and the duty of defendant to see that plaintiff "got himself into a position of safety" on the bus.

Plaintiff's counsel then continued:

"In addition, it is our contention that the *starting* of the bus and the manner of proceeding was sudden, so that the balance of the plaintiff, in the *starting of the bus prior to the emergency situation, and the need to stop was also a factor.*

"*Mr. Grainer* [defense counsel]: Pardon me, could I object to this? There is nothing in the pleadings or pretrial that suggests any such allegation.

"*The Court:* Well, is there, counsel?

"*Mr. Frimet* [plaintiff's counsel]: Well, I think there is in the pretrial statement, 'proceeded to move the bus without due care and caution, so that it lurched, jerked and came to a sudden, violent stop.' Now, the manner of the start, the starting and stopping are so close together that we feel that the nature of the start is included.

"Now, in addition too, in the pleadings—

"*The Court:* Well, it is true, is it not, that there is nothing in the pleadings or pretrial statement that alleges negligence growing out of the manner in which the bus *was started?*

"It seems to me your pleadings, your cause of action is based on the allegation that the negligence occurred in the manner in which the bus *was stopped.*.

"*Mr. Frimet* [plaintiff's counsel]: Well, my argument would be, your Honor, that I say 'proceeded to move the bus without due care and caution,' and certainly the words 'proceeded to move' mean the starting of the bus, and that comprised in that statement would be room for the factual propositions that we are alleging *today.*

"*The Court:* Well, I don't think the words 'proceeded to move' can be equated with an allegation of negligence in the manner in which the bus was started. It seems to me they're 2 different things.

"I would think that the objection is well taken in view of the pleadings and pretrial statement as they stand at the present time.

"I understand your position to be, from *conference in chambers, that your cause of action is really based upon the sudden stop, and the failure to permit the plaintiff to reach a position of safety prior to starting the bus, isn't that it?*

"*Mr. Frimet* [plaintiff's counsel]: Off the record, your Honor, if we may get off the record for one minute. If the Court rules that the pleading does not comprise that allegation sufficiently, then we can go up on that too. I mean, they can just pass on that along with the rest of it, I would imagine.

"*The Court:* Well, that should be on the record if you want to include it."

As closely as we can determine, court and counsel believed they had agreed upon a procedural method which would have placed before us a stipulated issue of law. They also felt they had reached an agreement upon the factual testimony to be introduced and the court had indicated what his ruling would be. At least we so conclude from the following excerpt:

"*The Court:* Now, for the purpose of making a record and having this matter reviewed, I understand the plaintiff wants to offer these proofs, possibly have the defendant put in proofs, whatever they wish, on the question of liability, and then act on the appropriate motion.

"*Mr. Grainer* [defense counsel]: The only question arises in my mind, if perchance the Supreme Court should decide this is a question of fact for the jury to decide, will they then send it back for the new trial, and then the trial is then brought before a jury to decide as a matter of fact, not only as to the damages, but also as to the facts themselves.

"*The Court:* Well, yes, I'm sure they couldn't do anything but.

"*Mr. Grainer* [defense counsel]: That is what I want to make clear.

"*The Court:* And I think it is also understood by the parties, that if the matter is remanded for, that is, if the court follows the action it now contemplates, namely granting a motion for directed verdict, and that action is reviewed, and the Supreme Court disagrees with this court, and says that the court has misconceived the law of this State, or the Supreme Court changes the law of this State, which, in my judgment, they would have to do in order to create a cause of action for the plaintiff in this case, then I apprehend that what would follow would be

a trial before a jury on the issues of liability and damages."

At the conclusion of plaintiff's testimony in his own behalf and the stipulated admission of defendant's driver's deposition, the court ruled as follows:

"So, having read the deposition and listened to the testimony of the plaintiff, the court is of the opinion that there is no allegation in the proofs raising a question of fact for the jury as to whether or not the defendant was negligent, and in view of that, the court feels that it has a duty to direct a verdict for the defendant of no cause of action."

We are ever mindful of the desirability of shortening proceedings, conserving judicial time, and stipulating issues with precision to present questions for review as expeditiously and inexpensively as possible. We have no doubt such was the commendable intention of the court and counsel here. However, upon the state of the record we cannot be sure just what we are called upon to decide.

There is presented, first, the procedural question as to the sufficiency of the pleadings, as limited by pretrial statement, to encompass the issue of defendant's alleged negligence in starting the bus. There is a further question concerned with the sufficiency of the testimony under the "most favorable view" rule to create an issue of fact—for whatever trier of fact issues had been agreed upon by both counsel in the conference in chambers hereinbefore mentioned. This is particularly important because of plaintiff's counsel's contention that he should have been allowed to offer other or additional testimony. There is then the issue of law mentioned by the trial court of the obligation of defendant, if any, to see that plaintiff reached a position of safety on the bus and the necessity of defendant to anticipate an

alleged illegal act on the part of a pedestrian under the circumstances there alleged to have existed.

Reference by the bar or the circuit bench in future years to the record in this case could only result in confusion, were we to undertake decision under the obvious state of misunderstanding existing.

Regretfully, because we believe the proceedings were undertaken by court and both counsel in good faith and with a praiseworthy motive, we must decline to decide on the record as before us.

The order of the trial court, whether it was a directed verdict of no cause of action, or a dismissal for whatever reason, is vacated and set aside. The cause is remanded for proceedings in the manner provided by rule, from the time of the joining of issue by the pleadings. No costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.