BODEN *v.* THOMPSON-BROWN COMPANY.

1. JUDGMENT—PLEADING—PRETRIAL CONFERENCE—DISMISSAL OF ACTION.

Judgment dismissing plaintiff's action for tort because of failure of declaration in tort to state a cause of action on motion made at time case was called for trial is ordered vacated and cause remanded for pretrial conference as required by court rule, where no pretrial conference or statement has been had, and record indicates trial judge had considered exhibits in evidence and facts not included in the pleading in concluding the declaration failed to state a cause of action (GCR 1963, 301).

2. COSTS—PRETRIAL CONFERENCE.

No costs are allowed on appeal, where judgment is reversed and cause remanded for pretrial conference as required by court rule, and for further proceedings, no pretrial conference having been held heretofore (GCR 1963, 301).

Appeal from Oakland; Beer (William John), J. Submitted May 6, 1964. (Calendar No. 55, Docket No. 50,612.) Decided September 2, 1964.

Case by Nina J. Boden against Thompson-Brown Company, a Michigan corporation, for damages sustained when she followed recommendation of defendant in selection of building contractor. Judgment for defendant on motion. Plaintiff appeals. Judgment vacated and cause remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 11.
[2] 5 Am Jur 2d, Appeal and Error § 1009.

*Piggins, Balmer, Grigsby, Skillman & Erickson* (*Carroll C. Grigsby*, of counsel), for plaintiff.

*Howlett, Hartman & Beier,* for defendant.

PER CURIAM. Once again we must decline an invitation to exercise our appellate function to review a case on its merits and must necessarily look only at its procedural aspects. We vacate and remand for further proceedings because the record upon which the trial judge attempted summary disposition was the same inadequate record presented here.

Plaintiff started suit by 3-count declaration in March of 1962. Defendant answered and a reply thereto was filed in April. In July of the following year, a judgment of dismissal was entered for plaintiff's failure to state a cause of action. It is from this judgment plaintiff appeals as of right.

We were advised by counsel for the parties at oral argument of this appeal that the proceedings which culminated with entry of the judgment of dismissal occurred on the day the case was set for trial. Neither counsel could recall, upon bench inquiry, whether a pretrial conference between counsel and the trial judge, as required by GCR 1963, 301, had been held; nor is such a proceeding listed among the cause's calendar entries. Furthermore, the original record contains no pretrial summary GCR 1963, 301.3, requires be prepared and filed by the trial judge. The conclusion that no pretrial conference was held in this contested civil action is inescapable. Doubtless, had such a conference been held, consideration would have been given to amendment of pleadings and to disposition before trial of any pending motions. Perhaps, had such a conference been held, plaintiff's declaration might have been amplified or otherwise amended to meet defendant's objections notwithstanding defendant's

failure earlier to move formally for a more definite statement (GCR 1963, 115), for accelerated judgment (GCR 1963, 116) or for summary judgment (GCR 1963, 117). Had such conference been held, it is inconceivable to imagine that the trial judge, with or without defendant's urging, would fail at that time to consider whether plaintiff's declaration stated a cause of action and, if it did not, the possibility of its amendment before trial or the necessity for its dismissal on formal motion and answer thereto before the matter was scheduled for trial.

Unfortunately, defendant filed no motion before or after it answered plaintiff's declaration and no pretrial conference was held. Hence, it was not until the case was called for trial that the trial judge was apprised of the defendant's objection that plaintiff's declaration failed to state a cause of action.* Instead of declining to consider the objection before proceeding to trial, or adjourning the matter for belated pretrial conference at which such issue could be framed for proper determination, or adjourning it for preparation, filing, and service of formal motion and answer, the trial judge permitted defendant to argue orally its objections to plaintiff's declaration and plaintiff to respond orally. In the process, exhibits were admitted in evidence and facts not included in the pleading attacked were related and both such evidence and facts were considered by the trial judge in concluding the declaration failed to state a cause of action.

However willing the parties to this litigation may be to have us pronounce judgment not only binding on them, but also of some precedential force, based only upon this jumbled record of alleged fact, un-

---

* At the end of defendant's answer, defendant alleged that none of plaintiff's 3 counts sets forth a cause of action and that defendant would move to strike each of plaintiff's counts when the case was called for trial on its merits. No written motion therefor (GCR 1963, 110) ever was made.

sworn assertion of unpleaded fact and documentary fact, we respectfully decline their invitation and hold the trial judge likewise should have declined. We have had occasion recently to comment upon similar precipitous summary dispositions of lawsuits. See, particularly, *Davis* v. *Kramer Bros. Freight Lines, Inc.*, 361 Mich 371, 376, 377; *Carrier Corp.* v. *Central Station Air Conditioning Co.*, 367 Mich 605; *Chatham Super Markets, Inc.*, v. *Ajax Asphalt Paving, Inc.*, 370 Mich 334; and *Owens* v. *City of Detroit*, 371 Mich 569.

Judgment vacated and cause remanded for pretrial conference pursuant to GCR 1963, 301, and for further proceedings. No costs shall be assessed on this appeal.

KAVANAGH, C. J., and BLACK, SOURIS, and ADAMS, JJ., concurred.

O'HARA, J. (*concurring in result*). I concur in the result reached by the Court solely on the ground that no pretrial conference was held and that the pretrial summary thereof was not filed nor served. The rule-required "summary of results" can hardly "control the subsequent course of the action unless modified" if none is filed or served upon the attorneys of record. I do not choose to speculate on what result a pretrial conference might or might not have had on plaintiff's declaration or what the trial court might or might not have done thereat or thereafter. I am, however, committed to the proposition that we ought either to enforce Rule 301[*] or rescind it.

DETHMERS, KELLY, and SMITH, JJ., concurred with O'HARA, J.

---

[*] GCR 1963, 301.1, 301.3.