## MOCK *v.* DUKE

1. **VENDOR AND PURCHASER—FRAUD—REMEDIES.**

   The purchaser under a land contract has a choice of remedies for injuries caued by fraudulent misrepresentations of his vendor: he may affirm the contract and recover as damages the difference in values of the land as represented and as it is in fact, or he may rescind the contract and recover what he has paid.

2. **VENDOR AND PURCHASER—FRAUD—RESCISSION—DAMAGES.**

   A purchaser who rescinds a land contract for fraudulent misrepresentation by the vendor may also recover consequential damages for losses sustained as a direct result of the misrepresentation.

3. **VENDOR AND PURCHASER—FRAUD—RESCISSION—DAMAGES.**

   A purchaser who rescinds a land contract because the vendor fraudulently misrepresented the availability of water for the purchaser's use of the land is entitled to an opportunity to show the fraud and that the cost of drilling several unsuccessful wells was a direct result of the misrepresentation;

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur, Vendor and Purchaser §§ 531, 569 *et seq.*
[2, 3] 55 Am Jur, Vendor and Purchaser § 569 *et seq.*

hence it was error to strike all references to damages other than down payment and interest from his complaint and grant judgment for down payment and interest only.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 November 7, 1969, at Lansing. (Docket No. 6,342.) Decided December 4, 1969.

Complaint by Robert M. Mock and Ruth E. Mock against Thomas Duke for damages resulting from fraudulent misrepresentation in the sale of a residential lot. Defendant's motion to strike all references to damages other than down payment and interest granted, and judgment of rescission entered. Plaintiffs appeal. Reversed and remanded.

*Hartman, Beier, Howlett & McConnell* (*George A. Googasian,* of counsel), for plaintiffs.

*Joseph T. Brennan,* for defendant.

Before: J. H. Gillis, P. J., and McGregor and V. J. Brennan, JJ.

V. J. Brennan, J. On March 3, 1966, plaintiffs entered into an agreement to purchase a residential lot in Oakland county from the defendant vendor for the sum of $9,850. Under the terms of the land contract, plaintiffs made an initial payment of $1,000 and agreed to pay the balance, with 6% interest, on or before March 3, 1967. Prior to entering into the contract, plaintiffs disclosed their intent to construct a single-residential dwelling and inquired about the availability of well-water. Defendant replied there had never been a problem of getting water from the wells in the subdivision area; however, defendant stated that some wells were not as good producers as others, requiring larger storage

facilities. After taking possession, plaintiffs drilled four different wells, none of which produced sufficient water to meet plaintiffs' prospective needs. After these failures, plaintiffs instituted suit against the defendant, alleging that the defendant either intentionally or recklessly misrepresented the availability of well-water, and seeking rescission of the contract and compensation for the costs of drilling the four wells. Trial was set for September 20, 1968; on that date, however, the trial court granted defendant's motion to strike all references to damages other than the down payment and interest. Defendant then agreed to rescind the land contract and refund the amount paid by plaintiffs, plus interest. Following the entry of a judgment declaring the land contract void, plaintiffs appeal, contending that the trial court erred by granting defendant's motion and by failing to hold a pretrial conference prior to entry of the judgment.

The purchaser under a land contract has a choice of remedies for injuries caused by allegedly fraudulent misrepresentations of his vendor. He may affirm the contract and seek as damages the difference in the value of the land as it was represented and as it is in fact; or, he may rescind the contract and recover what he has paid. *Laubengayer v. Rohde* (1911), 167 Mich 605; *Westman v. Brumm* (1929), 248 Mich 387; 7 Callaghan's Michigan Civil Jurisprudence, Damages, § 38, p 276. If the purchaser proceeds under a theory of rescission, he may also recover damages for losses sustained as the direct result of the misrepresentation. *McRae v. Lonsby* (CA6, 1904), 130 F 17; see McCormick, Handbook on the Law of Damages, § 121, p 448, footnote 2. The rule is stated in *Laubengayer v. Rohde, supra,* at pp 611, 612;

"In this State the remedy, where a money judgment is sought, is less complicated and more complete than in many jurisdictions. Under the common law and under the practice which obtains in many States, a party claiming damages for fraud has the election of rescinding, as complainant alleges he has done, and suing to recover back the purchase price with interest, or of keeping the property and bringing an action for deceit to recover damages sustained by reason of such deceit. Under our practice the law permits an action for damages with or without rescission, and if *with rescission* a recovery of the purchase price with interest and such additional damages as plaintiff may have suffered by reason of losses and expenses incurred in that connection which were the natural and reasonable consequences of the fraud perpetrated. *Warren* v. *Cole*, 15 Mich 265; *Lenox* v. *Fuller*, 39 Mich 268." (Emphasis in the original.)

*Lash* v. *Prokop* (1951), 331 Mich 390 and *Westman* v. *Brumm, supra,* cited by defendant as holding that the defrauded purchaser is limited to recovery of the purchase money upon rescission, are not dispositive. In *Lash,* the plaintiffs sought rescission and the difference between the actual and represented value of a restaurant. The Court rejected the damage claim, stating that the plaintiffs were instead entitled to what they had paid. In *Westman* the plaintiff affirmed the contract and sought the difference between the actual and represented value of certain stock. In neither *Lash* nor *Westman* did the Court reach the question of consequential damages.

Since a defrauded purchaser is entitled to consequential damages as well as the amount paid as purchase money, it was error to grant the defendant's motion. The plaintiffs are entitled to an opportunity to show that the defendant fraudulently

misrepresented the availability of water and that the cost of drilling the wells was the proximate result of the fraudulent misrepresentation.

Reversed and remanded for further proceedings, including a pretrial conference in accordance with GCR 1963, 301.1.   See *Boden* v. *Thompson-Brown Company* (1964), 373 Mich 243; *State Highway Commissioner* v. *Lindow* (1966), 4 Mich App 496.

All concurred.