WALRAVEN v MARTIN

Docket No. 58187. Submitted November 5, 1982, at Lansing.—Decided February 23, 1983.

Robert J. Walraven purchased a business from Ida M. Martin and Darlene M. Samuels. After taking possession of the premises and beginning remodeling, Walraven discovered that a sewer would be built in the area and that the construction of the sewer would adversely affect his business. Walraven offered to rescind the transaction and demanded repayment of the dowpayment and reimbursement for remodeling and other expenses. Martin and Samuels refused rescission. Thereafter, Walraven did reconvey the property to Martin and Samuels by quitclaim deed pursuant to an agreement which provided that restoration of the premises to Martin and Samuels would not constitute a release or waiver of any rights of Walraven arising out of the transaction, including an action for breach of contract, rescission and fraud, nor would restoration constitute acceptance by Martin and Samuels of a rescission of the contract. Walraven then filed suit against Martin, Samuels, and the real estate brokers and companies representing the purchaser and sellers in Bay Circuit Court alleging fraud and negligence on the part of the various defendants and seeking rescission of the sales contract and damages. A motion was filed by two of the defendants, Kenneth Warner and Warner Realty, Inc., to require plaintiff to make an election of remedies. The motion was granted, William J. Caprathe, J., and plaintiff was ordered to choose between proceeding against Martin and Samuels in equity for rescission, with the result that the other defendants would be dismissed, or to proceed against all defendants for damages resulting from the alleged fraud committed upon him. The action was stayed by the trial court per the parties' stipulation and the order was certified by the court as final for purposes of appeal. Plaintiff apppeals. *Held:*

   1. Plaintiff may simultaneously pursue all of his remedies

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Election of Remedies §§ 9-11.
[2] 25 Am Jur 2d, Election of Remedies § 14.
[3] 25 Am Jur 2d, Election of Remedies § 9.

against the sellers and other defendants regardless of legal consistency so long as he is not awarded double recovery. It is unfair to require plaintiff to choose which theory to proceed under prior to trial since res judicata would prevent him from proceeding under his alternative theory should the first choice prove unsuccessful.

2. If verdicts are eventually returned against the sellers for both rescission and damages, judgment may be entered on only one since these are alternative measures of plaintiff's loss. If judgment for damages is entered against the sellers, the other defendants may be held jointly and severally liable if a verdict is rendered against them. However, if judgment for rescission is entered against the sellers, the other defendants may be held liable only to the extent the rescission judgment has failed to restore the status quo.

Reversed and remanded.

1. ELECTION OF REMEDIES — BARRING OF INCONSISTENT REMEDIES.

A party who elects to proceed on one theory of recovery is thereafter barred from asserting any inconsistent remedy.

2. ELECTION OF REMEDIES — INCONSISTENT REMEDIES — APPLICATION OF DOCTRINE.

The doctrine of election of remedies generally applies only where two or more inconsistent remedies were available and the plaintiff has actually chosen and pursued the one to the exclusion of the other.

3. ACTIONS — REMEDIES — MULTIPLE REMEDIES — ELECTION OF REMEDIES — DOUBLE RECOVERY.

A plaintiff may simultaneously pursue all of his remedies against parties defendant so long as the plaintiff has not made an election of remedies and is not awarded double recovery; to require the plaintiff to choose which theory to proceed under prior to trial would be unfair since res judicata would prevent him from proceeding under his alternative theory should the first choice prove unsuccessful.

*Lambert, Leser, Hebert & Dahm, P.C.* (by *John J. Hebert),* for plaintiff.

*Learman, Peters & Sarow* (by *William E. Peters),* for Kenneth Warner and Warner Realty, Inc.

Before: D. E. Holbrook, Jr., P.J., and Allen and R. L. Tahvonen,* JJ.

Allen, J. Must a plaintiff make an election between inconsistent theories of recovery before proceeding to trial? The trial court, in an order dated June 8, 1981, held yes, requiring plaintiff to elect to proceed in equity against defendants Martin and Samuels for rescission or to proceed against all of the defendants at law for damages resulting from the alleged fraud committed upon him. The action was stayed by the trial court per the parties' stipulation and the order was certified by the court as final for purposes of appeal under GCR 1963, 518.2. Plaintiff appeals as of right. We reverse.

In July, 1978, plaintiff purchased a business, Bill's Cafe, which is located in Bay City, from defendants Martin and Samuels, the owners. The property was listed by the sellers with defendant Kenneth Warner, a real estate broker for defendant Warner Realty, Inc. Plaintiff sought the services of defendant Joseph Malenfant, a real estate broker for defendant Real Estate One of Bay County, Inc. Malenfant was involved in the negotiations between the owners and plaintiff, drafted the purchase and sales agreement, and was present at the closing of the property. Upon taking possession of the premises and after beginning remodeling, plaintiff discovered that the city would be constructing a sewer in the area of Bill's Cafe and, as a result, streets and sidewalks would be torn up, the parking lot would be unavailable at times, utilities would be cut off for periods of time, and the traffic on the streets bordering the restaurant would be interrupted.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

By letter dated August 18, 1978, plaintiff offered to rescind the transaction and demanded repayment of the down payment and reimbursement for remodeling and other expenses. Rescission was denied by Martin and Samuels. However, on November 2, 1978, plaintiff reconveyed the property to Martin and Samuels by quitclaim deed pursuant to an agreement signed by the sellers and plaintiff. The agreement provided that restoration of the premises to Martin and Samuels would not constitute a release or waiver of any rights of plaintiff arising out of the transaction, including an action for breach of contract, rescission and fraud, nor would restoration constitute acceptance by the sellers of a rescission of the contract.

Plaintiff filed the present action on April 9, 1979. For a full understanding of the issues involved, we find it necessary to set out the counts of plaintiff's complaint in detail. In Count I plaintiff sought rescission of the contract, alleging that Martin and Samuels had prior knowledge of the impending sewer construction but intentionally withheld the information to induce plaintiff to make the purchase. Plaintiff alleged that, upon learning of the fraudulent concealment by Martin and Samuels, he immediately tendered the property back to the owners and demanded rescission and that Martin and Samuels refused to rescind the contract. In Count II of his complaint, plaintiff sought damages in connection with the contract which resulted from Martin and Samuels' fraudulent concealment of information concerning the sewer project. In Counts III and IV plaintiff sought damages from Malenfant and his employer, Real Estate One of Bay County, Inc., for Malenfant's negligence in failing to discover or advise plaintiff that Bill's Cafe was an unprofitable business and

of the impending sewer construction in the vicinity. Count V deals with piercing the corporate veil of Real Estate One of Bay County, Inc.

After deposing Samuels, plaintiff learned that Samuels had informed the listing agent, Kenneth Warner, of the sewer project prior to closing on the property. On March 6, 1980, plaintiff was granted leave to add Warner and Warner Realty, Inc., as defendants and file an amended complaint. In addition to the first five counts stated in the original complaint, in Counts VI and VII plaintiff sought damages from Warner, alleging that Warner had a duty to disclose to plaintiff the material fact of the sewer construction and that Warner intentionally withheld this from plaintiff to induce plaintiff to purchase Bill's Cafe and, as a result, committed a fraud upon plaintiff. In Count VIII plaintiff sought to pierce the corporate veil of Warner Realty, Inc. In Count IX plaintiff alleged that Warner had negligently breached a duty owed to plaintiff by failing to inform him of the sewer project. Finally, in Count X, plaintiff sought damages from Warner Realty under a theory of corporate agency.

Two weeks before trial, defendants Warner and Warner Realty, Inc., filed a motion to require plaintiff to make an election of remedies. After oral arguments and submission of briefs, the motion was granted in an order dated June 8, 1981. The order required plaintiff to choose between proceeding against Martin and Samuels in equity for rescission, with the result that all other defendants would be dismissed, or to proceed against all defendants for damages resulting from the alleged fraud committed upon him.

This case requires us to consider the continued viability of the common-law doctrine of election of

remedies.[1] It has long been stated that a party who elects to proceed on one theory of recovery is *thereafter* barred from asserting any inconsistent remedy. *Ielmini v Bessemer National Bank,* 298 Mich 59; 298 NW 404 (1941); *Gloeser v Moore,* 284 Mich 106; 278 NW 781 (1938). Generally, the doctrine applies only where two or more inconsistent remedies were available and the party has actually chosen and pursued the one to the exclusion of the other. *Ielmini v Bessemer National Bank, supra,* pp 66-67. That situation is in contrast to the instant case where the aggrieved party has not yet chosen one remedy to the exclusion of the other. The inconsistency in the present case stems from plaintiff's request for rescission of the contract, which involves disaffirmance of the contract, and plaintiff's request for damages resulting from fraud committed on him, which involves affirmance of the contract.

Plaintiff herein, by seeking inconsistent remedies simultaneously, has not "elected" a remedy. Nevertheless, several cases from other jurisdictions support defendants' claim that the trial court may compel an election between inconsistent remedies at any stage of the proceedings. 25 Am Jur 2d, Election of Remedies, § 31, pp 673-674. However, no Michigan case is cited therein for such proposition. Furthermore, while we have found dicta that election of inconsistent remedies may be compelled at any stage of the proceedings *(Willard*

[1] Numerous articles have been written about the election doctrine; none are favorable. See Fraser, *Election of Remedies: An Anachronism,* 29 Okla L Rev 1 (1976); Patterson, *Improvements in the Law of Restitution,* 40 Cornell L Q 667 (1955); Yerkes, *Election of Remedies in Cases of Fraudulent Misrepresentation,* 26 S Cal L Rev 157 (1953); Note, *Election of Remedies: A Delusion?,* 38 Colum L Rev 292 (1938); Hine, *Election of Remedies, A Criticism,* 26 Harv L Rev 707 (1913); Dobbs, Remedies, § 1.5, p 13; 1 Palmer, Law of Restitution, § 3.10, p 283.

*v Shekell,* 236 Mich 197, 206; 210 NW 260 [1926]), we have found no Michigan case prohibiting the simultaneous pursuit of inconsistent remedies. In fact, the only Michigan case directly on point held that the plaintiff should not have been required to elect between a count in rescission and a count for breach of contract.[2]

Modern rules of civil procedure, the election of remedy doctrine expressed in the current legal periodicals cited earlier, and the Supreme Court's decision in *Gruskin v Fisher,* 405 Mich 51; 273 NW2d 893 (1979), lead us to conclude that plaintiff may simultaneously pursue all of his remedies against the sellers and other defendants herein regardless of legal consistency, *so long as plaintiff is not awarded double recovery.* While defendants emphasize the basic repugnance of allowing plaintiff to "blow hot and cold" at the same time,[3] the inconsistency only involves legal theories of recovery.[4] Under rescission plaintiff would be required to restore all benefits received and would be entitled to the purchase price of the restaurant and consequential damages, *Mock v Duke,* 20 Mich App 453; 174 NW2d 161 (1969), whereas his actual damages, which are the same regardless of which defendant committed the fraud upon him, consist of plaintiff's loss of the bargain measured by the difference between the actual value of the property and its value if it had been as represented. *Hubert v Joslin,* 285 Mich 337, 346; 280 NW 780 (1938); *Barker v Fordville Land Co,* 264 Mich 95, 96-97;

---

[2] *Glover v Radford,* 120 Mich 542; 79 NW 803 (1899).

[3] Note, *Election of Remedies: A Delusion?,* 38 Colum L Rev 292, 295 (1938).

[4] We also see nothing repugnant in allowing a party to proceed on theories which involved contradictory factual statements where allegations are made in good faith and the party is unable to ascertain what the actual facts are at the time of trial.

249 NW 491 (1933). There is no inconsistency in the factual basis plaintiff relies upon in support of each theory. We believe it unfair to require plaintiff to choose which theory to proceed under prior to trial since res judicata would prevent him from proceeding under his alternative theory should the first choice prove unsuccessful.[5] We also note that defendants are adequately protected from the plaintiff's changing course in midstream by our doctrines of equitable estoppel, waiver, accord and satisfaction and res judicata.

Several other jurisdictions have rejected the election prior to trial doctrine by case law,[6] or by statute.[7] Our rejection of election prior to trial is consistent with Michigan's rules of civil procedure. Under GCR 1963, 111, every pleading is a simple, concise statement of the facts on which relief can be granted on any sustainable legal theory regard-

[5] For example, the plaintiff could recover in an action based on rescission but not for damages due to fraud if the proofs showed that the misrepresentation, while material to the plaintiff, would be immaterial under an objective standard. See *Dehring v North Michigan Exploration Co, Inc,* 104 Mich App 300; 304 NW2d 560 (1981). On the other hand, the plaintiff would be entitled to damages, but not rescission, if the proofs showed that plaintiff had not complied with the tender requirement or restoration of the status quo cannot be achieved. *Grabendike v Adix,* 335 Mich 128, 140-141; 55 NW2d 761 (1952).

[6] *Breeding v Massey,* 378 F2d 171 (CA 8, 1967); *North American Graphite Corp v Allan,* 87 US App DC 154; 184 F2d 387 (1950); *Williams v Marshall,* 37 Cal 2d 445; 235 P2d 372 (1951); *Moon v Brewer,* 89 Idaho 59; 402 P2d 973 (1965); *Deal v Madison,* 576 SW2d 409 (Tex Civ App, 1978).

[7] NY CPLR § 3002(e) (McKinney) states that in any case based on fraud, claims for rescission, based on rescission or for damages shall not be deemed inconsistent and the aggrieved party shall be allowed to obtain complete relief in one action, but such complete relief shall not include duplication of benefits. Ga Code § 3-114 states that a plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them. See, also, UCC § 2-703, which eliminates the election doctrine in sale-of-goods cases.

less of consistency and whether based on legal or equitable grounds or both.[8]

"Declaratory relief, in cases of actual controversy, may be claimed. Relief in the alternative or of several different types may be demanded.

\* \* \*

"(2) Inconsistent claims or defenses are not objectionable, and when a party is in doubt as to which of 2 or more statements of fact is true, he may allege them in the alternative. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based upon legal or equitable grounds or upon both." GCR 1963, 111.1(3) and 111.9(2).

Further, the plaintiff may join as many defendants as may be liable in one action, GCR 1963, 206, and GCR 1963, 505.2 and 509.3 give the trial court discretion to bifurcate trial and control the sequence of proof so as to facilitate complex trials and the determination of judge and jury issues.

Finally, the Supreme Court's decision in *Gruskin v Fisher, supra,* supports our conclusion. There, the Court abrogated the longstanding rule that a vendor's decision to accept forfeiture by the vendee under a defaulted land contract constitutes an election of remedies which precludes subsequently seeking a foreclosure and deficiency judgment based upon the contract. In regard to the legal inconsistency between the vendor's notice of forfeiture, which involves disaffirmance of the land contract, and an action for foreclosure and money damages, which involves enforcement of the land contract, the Court stated:

"Today inconsistency in pleadings is permitted, inconsistent remedies may be sought and alternative relief

[8] In contrast to today's system of fact pleading, the election doctrine developed during a time of theory pleading and the division of courts of law and equity.

granted. The concept of election of remedies has undergone considerable change in recent years. This development in the jurisprudence, eliminating artificial rules regarding consistency of remedies, gives secured creditors generally alternative remedies." 405 Mich 51, 66 (footnote ommitted).

We reiterate that, while plaintiff is entitled to complete relief, he is not entitled to double recovery. Hence, if verdicts are eventually returned against the sellers, defendants Martin and Samuels, for both rescission and damages, judgment may be entered on only one since these are alternative measures of plaintiff's loss. If judgment for damages is entered against the sellers, the other defendants may be held jointly and severally liable if a verdict is rendered against them. However, if judgment for rescission is entered against the sellers, the other defendants may only be held liable to the extent that the rescission judgment has failed to restore the status quo (because of the sellers' insolvency or otherwise).

Reversed and remanded for further proceedings. Costs to plaintiff.