**Monnie J. ELLIOTT, Plaintiff,**

v.

**The ASPEN BROKERS, LTD., a Colorado corporation, Defendant.**

**Civ. A. No. 91–K–2096.**

United States District Court, D. Colorado.

June 22, 1993.

Herbert S. Klein, George M. Allen, Telluride, CO, for plaintiff.

Paul D. Cooper, Daniel R. McCune, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This matter is before me on Defendant Aspen Brokers' motion to dismiss. In this order I presume familiarity with my earlier ruling disposing of various motions in limine in this case. *See Elliott v. Aspen Brokers, Ltd.,* 811 F.Supp. 586 (D.Colo.1993). Therefore, I discuss only those facts necessary to resolve this motion.

Aspen Brokers argues that Plaintiff Monnie Elliott may not pursue her claim for fraudulent misrepresentation against it be-

cause she has filed a separate state court action seeking to rescind her contract with Mazza and Woods. Aspen Brokers relies on *Meredith v. Ramsdell*, in which the Colorado Supreme Court held that a plaintiff may recover damages from an agent for fraud only if it is unable to obtain rescission of the contract against the principal. *See* 152 Colo. 548, 384 P.2d 941, 945–46 (1963). Seven years later, in *Popov v. Ladd Brothers*, the court followed *Meredith* to hold that a plaintiff may proceed against both the principal for rescission and the agent for fraud, but may have only a single satisfaction of its damages. *See* 172 Colo. 451, 474 P.2d 151, 152 (1970). The trial court in *Popov* was ordered to "modify its judgment to the end that any portion of the money judgment which the plaintiffs cannot collect from the corporation [the principal] may be recovered from the defendant [the agent]." *Id.*

■ The thrust of Aspen Broker's argument is based on the doctrine of election of remedies. This doctrine requires a plaintiff to chose between inconsistent remedies available on the same set of facts. *See Kalish v. Brice*, 136 Colo. 179, 315 P.2d 829, 831 (1957); *Breniman v. Agricultural Consultants, Inc.*, 829 P.2d 493, 497 (Colo.App.1992). A classic situation occurs when a plaintiff asserts two claims for relief, one based on affirmance of a contract and the other based on rescission. *See, e.g., Trimble v. City & County of Denver*, 697 P.2d 716, 723 (Colo.1985). Requiring an election of remedies prevents the plaintiff from recovering twice for the same wrong. *Stewart v. Blanning*, 677 P.2d 1382, 1383–84 (Colo.App.1984).

In this case, Elliott's claims against Mazza and Woods, on one hand, and Aspen Brokers, on the other, are consistent. Since filing her state court action against Mazza and Woods, Elliott has amended her complaint, deleting her claim for rescission and substituting claims for fraud and misrepresentation. In essence, she is seeking the same damages from two different parties who are equally liable. Since her claims are consistent, there is no election of remedies problem. *See Trimble*, 697 P.2d at 724.

Furthermore, even if Elliott asserted inconsistent theories against Mazza and Woods and Aspen Brokers, such a procedure is permissible. Neither *Meredith* nor *Popov* hold that filing suit against the principle precludes an independent action against the agent. These cases are aimed at preventing a double recovery. For this reason, under the doctrine of election of remedies, a plaintiff generally is not forced to chose between its alternate theories until the time of judgment. *See Timmons v. Bender*, 601 S.W.2d 688, 690 (Mo.App.1980). The doctrine does not require the plaintiff to abandon one of its theories before trial. To hold otherwise would require unfairly the plaintiff to bear the risk of predicting the outcome of his or her case. *Walraven v. Martin*, 123 Mich.App. 342, 333 N.W.2d 569, 573 (1983).

While Elliott is entitled to only a single recovery for her damages arising from the Bell Mountain Lodge transaction, any judgment that may be entered against Aspen Brokers in this case can be fashioned appropriately. *See Popov*, 474 P.2d at 152–53; *Walraven*, 333 N.W.2d at 574 (explaining the appropriate result when judgment for rescission, damages or both is entered against a seller, a broker or both). But the specter of double recovery does not require dismissal of this suit. Accordingly,

IT IS ORDERED THAT Defendant's motion to dismiss is DENIED.