PACHUCZYNSKI *v.* DETROIT UNITED RAILWAY.

CARRIERS—STREET RAILWAYS—APPEAL AND ERROR—NEW TRIAL—WEIGHT OF EVIDENCE.

In an action, by a passenger against a street railway company for personal injuries received in a collision between defendant's street car and a locomotive, where the evidence was contradictory, the court below having declined to grant a new trial, *held*, the verdict was not manifestly against the clear weight of the evidence.

Error to Wayne; Hally, J. Submitted June 4, 1918. (Docket No. 10.) Decided July 18, 1918.

Case by Lukasz Pachuczynski against the Detroit United Railway and another for personal injuries. Judgment for plaintiff. Defendant railway brings error. Affirmed.

*Corliss, Leete & Moody* and *A. B. Hall*, for appellant.

*Dohany & Dohany*, for appellee.

Fellows, J.   About five o'clock in the morning, February 2, 1915, a car of defendant Detroit United Railway collided with a locomotive of defendant Detroit, Grand Haven & Milwaukee Railway Company on Forest avenue, in the city of Detroit.   Plaintiff claims to have been a passenger in the street car and to have been seriously injured.   He brought this suit against both companies.   The jury exonerated the Detroit, Grand Haven & Milwaukee Railway Company from liability, but rendered a verdict against the Detroit United Railway for the sum of $1,000.   It is not claimed that this amount is excessive if the plaintiff is entitled to recover, or that the defendant Detroit United Railway was not negligent.   The sole meritorious question being that the verdict is against the great weight of the evidence.

At the time of the accident the plaintiff resided in the extreme western part of the city.   He claims that on the morning of the accident he arose at an early hour, went to the extreme eastern part of the city to see a man with reference to renting a house and was returning home when the accident occurred.   He produced two witnesses, fellow countrymen, who testify to assisting him on the occasion of the accident, and who claim to have taken him to a doctor's residence.   He also produced the doctor who corroborated his and their testimony on this point, and who also testifies to his injuries and the subsequent treatment, and his condition.   Plaintiff and his fellow countrymen seem to have given their testimony through an interpreter and there are some apparent inconsistencies in their testimony.   Defendant produced witnesses who contradicted the plaintiff on material points.   The

trial court who saw and heard the witnesses declined to grant a new trial.

We are not persuaded that the plaintiff's testimony is so highly improbable as to justify us in concluding that it is without foundation in fact, or that it is so weakened by inconsistencies as to render it unworthy of belief. It is corroborated by that of his two fellow countrymen, and the physician who claims to have treated him, all of whom appear from this record to be entirely disinterested.

If the testimony of plaintiff and the witnesses produced by him was believed by the jury—and the jury had a right to believe it—plaintiff made a case. The trial court, upon a motion for a new trial on the grounds here urged, determines in the first instance the question, and this court, upon such question being properly saved and presented for review, determines whether error was committed by the trial court on such grounds. But in the determination of the question in this court it must be borne in mind that this court is not the trier of the facts. We cannot invade the province of the jury. It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence. *Muir* v. *Kalamazoo Corset Co.*, 155 Mich. 624; *Krouse* v. *Railway*, 170 Mich. 438; *Rice* v. *City of Pontiac*, 173 Mich. 41; *Bosek* v. *Railway*, 175 Mich. 8; *Druck* v. *Antrim Lime Co.*, 177 Mich. 364; *Morrison* v. *Carpenter*, 179 Mich. 207; *Darling* v. *Railway Co.*, 184 Mich. 607; *Gardiner* v. *Courtright*, 165 Mich. 54, and authorities there cited.

We are impressed from a careful examination of this record that the verdict is not manifestly against

the clear weight of the evidence. It would profit no one to extend this opinion by a detailed statement of the testimony of each witness.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.