KOVACS v CHESAPEAKE AND OHIO RAILWAY COMPANY

Docket No. 74779. Argued March 5, 1986 (Calendar No. 11). Decided December 16, 1986. Rehearing denied 428 Mich 1201.

Rosemary Kovacs, as administratrix of the estate of Charles L. Kovacs, deceased, brought a wrongful death action in the Livingston Circuit Court against the Chesapeake and Ohio Railway Company, alleging negligence in failing to sound a warning whistle as required by statute prior to collision with the decedent's truck at a train crossing. The court, Paul R. Mahinske, J., entered judgment on a jury verdict for the plaintiff. The Court of Appeals, BRONSON, P.J., and M. J. KELLY and HOFFIUS, JJ., affirmed (Docket No. 68420). The defendant appeals.

In a unanimous opinion by Justice LEVIN, the Supreme Court held:

1. In an action for wrongful death or injury, after a verdict is entered in favor of a plaintiff, the trial court must enter judgment for all future economic and noneconomic damages reduced to gross present cash value. Gross present cash value is the total amount of future damages reduced to present value at a rate of five percent per year for each year in which the damages accrue. The trial court properly instructed the jury as to reduction to present value.

2. The trier of fact should consider possible inflation in determining damages to be awarded for future losses; however, a plaintiff should not be required to introduce evidence regarding inflation, it being a fact known to every juror without expert testimony. Just as the amount of a plaintiff's damages should be reduced to present value to take into account the income that might be earned upon investment of an award, inflation should be taken into account in assessing the plaintiff's damages to reflect the attrition of the award as a result of inflation.

Affirmed.

REFERENCES

Am Jur 2d, Death §§ 2, 115, 119, 126, 140, 156.

Effect of anticipated inflation on damages for future losses—Modern cases. 21 ALR4th 21.

134 Mich App 514; 351 NW2d 581 (1984) affirmed.

1. DAMAGES — WRONGFUL DEATH — PERSONAL INJURY — FUTURE
   LOSSES — REDUCTION TO PRESENT VALUE.

   In an action for wrongful death or personal injury, after a verdict
   is entered in favor of a plaintiff, the trial court must enter
   judgment for the total amount of all future economic and
   noneconomic damages reduced to present value at a rate of five
   percent per year for each year in which the damages accrue
   (1986 PA 178, MCL 600.6306; MSA 27A.6306).

2. DAMAGES — WRONGFUL DEATH — PERSONAL INJURY — FUTURE
   LOSSES — INFLATION.

   In an action for wrongful death or personal injury, the trier of
   fact should consider possible inflation in determining the dam-
   ages to be awarded for future losses; however, a plaintiff should
   not be required to introduce evidence regarding inflation.

*C. Robert Beltz* for the plaintiff.

*Cross, Wrock, Miller & Vieson* (by *Gene S. Davis*
and *Craig A. Anderson*) for the defendant.

Amici Curiae:

*Michael F. Schmidt* for Product Liability Advi-
sory Council, Inc., and Motor Vehicle Manufactur-
er's Association of the United States, Inc.

LEVIN, J. This is an action for wrongful death
brought by the decedent's widow as administratrix
of his estate.

The decedent, Charles L. Kovacs, was killed
when the dump truck he was driving was struck
by a Chesapeake and Ohio train sometime after
8:00 A.M. in fog so dense that visibility was re-
duced to under 150 feet.

The principal factual dispute was whether the
train whistle had been blown as required by the
statute.

The jury found for the plaintiff, assessed the
damages at $1,500,000, and found that Kovacs was
one-third negligent, and a judgment for $1,000,000

plus interest was entered. The Court of Appeals affirmed.[1] We affirm.

I

The C & O asked the trial judge to substitute twelve percent for five percent in the standard jury instruction concerning reduction to present value.[2] One of the tort reform acts enacted last summer, 1986 PA 178, provides that "[a]fter a verdict rendered by a trier of fact in favor of a plaintiff," the court shall enter a judgment for, among other things, all future economic and all future non-economic damages "reduced to gross present cash value," which latter term is defined as meaning "the total amount of future damages reduced to present value at a rate of 5% per year for each year in which those damages accrue . . . ."[3] The Legislature thus has opted for the five percent rate. Although the amendatory

[1] *Kovacs v Chesapeake & O R Co,* 134 Mich App 514; 351 NW2d 581 (1984).

[2] SJI2d 53.03.

[3] (1) After a verdict rendered by a trier of fact in favor of a plaintiff, an order of judgment shall be entered by the court. The order of judgment shall be entered against each defendant, including a third-party defendant, in the following order and in the following judgment amounts:

(a) All past economic damages, less collateral source payments as provided for in section 6303.

(b) All past noneconomic damages.

(c) All future economic damages, less medical and other health care costs, and less collateral source payments determined to be collectible under section 6303(5) reduced to gross present cash value.

(d) All future medical and other health care costs reduced to gross present cash value.

(e) All future noneconomic damages reduced to gross present cash value.

(f) All taxable and allowable costs, including interest as permitted by section 6013 or 6455 on the judgment amounts.

(2) As used in this section, "gross present cash value" means the total amount of future damages reduced to present value at

provision is not effective except as to cases filed on or after October 1, 1986, we conclude, in light of the legislative action, that no further consideration should be given to the reduction to present-value issue.

II

We are also of the opinion that the recent tort reform legislation should be our guide to decision of another issue raised by the c & o. The c & o asked the judge to charge the jury that "any sum of money which you award plaintiff is not subject to income tax." It has not been the practice to charge the jury regarding income tax consequences.

The requested instruction would, in effect, ask the jury to reduce the amount that it might otherwise award the plaintiff by the amount that would be payable as income tax if the damages assessed by the jury were subject to income tax. Such a reduction would be much like the reduction of a judgment for past economic damages by the amount of collateral source payments, also provided for in 1986 PA 178.[4] Under the circumstance that the Legislature has recently considered whether a judgment should be reduced by other benefits accruing to the plaintiff, we conclude that it would not be appropriate for this Court to address the question at this time.[5]

---

a rate of 5% per year for each year in which those damages accrue, as found by the trier of fact pursuant to section 6305(1)(b). [MCL 600.6306; MSA 27A.6306, added by 1986 PA 178.]

[4] MCL 600.6303; MSA 27A.6303, MCL 600.6306; MSA 27A.6306, added by 1986 PA 178.

[5] Although there is no decision of this Court on the question, the practice has not been to charge on the possible tax benefit to the

III

The C & O also claims that the judge erred in instructing the jury that it could "consider the effect of inflation on the reduction to present worth and the amount of damages which you find the plaintiffs have suffered." The majority rule is that the trier of fact may consider possible inflation in determining the damages to be awarded for future losses,[6] and we agree that the trier of fact should do so.

Just as the amount of a plaintiff's damages should be reduced to present value to take into account the income that might be earned upon investment of the award, so too inflation should be taken into account in assessing plaintiff's damages to reflect the attrition of the award as a result of inflation.

We are also of the opinion that a plaintiff should not be required to introduce evidence on inflation. Inflation is a fact known to every juror without expert testimony. There is no expert consensus regarding the rate of inflation, and it would unnecessarily and unduly prolong the trial of personal injury actions to require evidence thereon.

On further consideration of the remaining issues raised by the C & O, we are no longer of the

plaintiff resulting from the award not being subject to income tax. The majority rule is that the jury should not be charged on income tax consequences. Anno: *Propriety of taking income tax into consideration in fixing damages in personal injury or death action,* 16 ALR4th 589.

Section 3107(b) of the Insurance Code provides that personal protection insurance (no-fault) benefits for work loss shall be reduced by fifteen percent because a money judgment for the plaintiff is not taxable unless the plaintiff presents "reasonable proof of a lower value of the income tax advantage . . . ." MCL 500.3107(b); MSA 24.13107(b).

[6] Anno: *Effect of anticipated inflation on damages for future losses —Modern cases,* 21 ALR4th 21.

opinion that they should be reviewed by this Court, and they therefore are not addressed.

Affirmed.

WILLIAMS, C.J., and BRICKLEY, CAVANAGH, BOYLE, RILEY, and ARCHER, JJ., concurred with LEVIN, J.