HARRIGAN v FORD MOTOR COMPANY

Docket No. 86442. Submitted December 18, 1986, at Detroit. Decided
     May 4, 1987.

Michael Harrigan, while driving a truck tractor manufactured by
     Ford Motor Company in Kentucky which was pulling a semi-
     trailer, left a roadway in the State of Kentucky and sustained
     spinal cord injuries that rendered him a quadriplegic. Michael
     Harrigan and his wife, Mathilda Harrigan, Kentucky residents,
     brought a products liability action in Wayne Circuit Court
     against Ford Motor Company and the Hertz Corporation, alleg-
     ing that the accident was caused by a failure in the tractor's
     air brake system. Defendant Ford's theory was that Michael
     Harrigan was negligent in that he was driving at an excessive
     speed which caused the rig to roll over and leave the road as he
     tried to round a curve in the road and that he had fallen asleep
     at the wheel. While defendant Ford made some mention of
     contributory negligence, the matter was submitted to the jury
     without objection on a comparative negligence charge. The jury
     found damages in the amount of $12,000,000 on the part of
     Michael Harrigan and damages in the amount of $1,000,000 on
     the part of Mathilda Harrigan. The jury further found that
     seventy-five percent of the combined negligence was attribut-
     able to Michael Harrigan. Defendant Ford moved for entry of a
     judgment of no cause of action on the basis that Kentucky law

REFERENCES

Am Jur 2d, Appeal and Error §§ 123, 417 *et seq.*; 709 *et seq.*; 851.

Am Jur 2d, Automobiles and Highway Traffic §§ 422, 422.5.

Am Jur 2d, Conflict of Laws §§ 7 *et seq.*

Am Jur 2d, Damages §§ 12 *et seq.*; 31, 366.

Am Jur 2d, New Trial §§ 129, 137 *et seq.*

Am Jur 2d, New Topic Service §§ 20 *et seq.*

Nonuse of automobile seatbelts as evidence of comparative negli-
     gence. 95 ALR3d 239.

Nonuse of seatbelt as failure to mitigate damages. 80 ALR3d 1033.

Retrospective application of state statute substituting rule of com-
     parative negligence for that of contributory negligence. 37 ALR3d
     1438.

See also the annotations in the Index to Annotations under Appeal
     and Error; New Trial.

controlled and that under Kentucky's product liability statute Michael Harrigan's contributory negligence barred recovery. The trial court, John H. Gillis, Jr., denied the motion, holding that, while Kentucky law controlled, the doctrine of comparative negligence applied. A judgment of $2,987,500 against Ford Motor Company was entered in favor of Michael Harrigan, reflecting the reduction because of Harrigan's negligence and his prior settlement with Hertz Corporation. A judgment in the amount of $250,000 was entered in favor of Mrs. Harrigan. Defendant Ford moved for judgment notwithstanding the verdict, new trial or remittitur. The motion was denied. Defendant Ford appealed.

The Court of Appeals *held:*

1. While Kentucky law controls and the Kentucky product liability statute provides that the defendant in a product liability case shall not be liable if the plaintiff failed to exercise ordinary care and such failure was a substantial cause of his injuries, reversal is not mandated here because the parties tried the matter without objection on the theory of comparative negligence and the parties should be held to the theory upon which the case was tried without objection.

2. The record fails to establish that the trial court abused its discretion when it denied the defense motion for a new trial. Since there was conflicting evidence as to whether there was any failure of the brake system, the jury's verdict cannot be said to be manifestly against the clear weight of the evidence.

3. The trial court properly refused to admit evidence of plaintiff Michael Harrigan's failure to use a seat belt. Since there is no Kentucky law on the question of whether the failure to use a seat belt may be used to show contributory negligence, Michigan law controls. Michigan law does not permit the admission of such evidence for that purpose.

4. The damages found by the jury do not shock the conscience of the Court of Appeals.

5. The trial court properly refused to instruct the jury on the income tax consequences of damage awards.

Affirmed.

CYNAR, J., dissented. He would hold that the defense of contributory negligence was properly pled, that Kentucky law controlled and that under Kentucky law contributory negligence is a defense to a product liability claim. He would remand for a new trial at which the jury would be instructed on contributory negligence.

1. APPEAL — TRIAL — THEORY OF RELIEF.

Parties, for the purpose of an appeal, are held to the theory upon

which the case was tried where there is no objection at trial to proceeding on that theory; accordingly, where a matter proceeds to trial without objection on the theory of comparative negligence even though the action is a foreign claim to which contributory negligence applies, the parties may not thereafter claim error in the submission of the matter to the jury on the theory of comparative negligence rather than on the theory of contributory negligence.

2. NEW TRIAL — APPEAL — WEIGHT OF THE EVIDENCE.

The grant or denial of a motion for new trial on the ground that the verdict is against the great weight of the evidence is a matter addressed to the sound discretion of the trial judge, whose exercise of that discretion will not be disturbed on appeal unless a clear abuse is shown.

3. CONFLICT OF LAWS — ABSENCE OF FOREIGN PRECEDENTS.

The Court of Appeals, when confronted with a question to be decided by the law of a foreign jurisdiction but where the courts of that jurisdiction have not decided the question, will look to pertinent Michigan law.

4. NEGLIGENCE — COMPARATIVE NEGLIGENCE — AUTOMOBILES — SEAT BELTS — CONTRIBUTORY NEGLIGENCE — MITIGATION OF DAMAGES.

Evidence of a plaintiff's failure to use a seat belt is not admissible under Michigan's system of comparative negligence as evidence of the plaintiff's contributory negligence or of the plaintiff's failure to mitigate damages.

5. DAMAGES — PERSONAL INJURY — APPEAL — STANDARD OF REVIEW.

The standard of review of personal injury awards in cases tried to juries is whether the award shocks the judicial conscience, appears unsupported by the proofs, or seems to be the product of improper methods, passion, caprice, or prejudice; if the amount awarded falls reasonably within the range of the evidence and within the limits of what reasonable minds would deem just compensation for the injury sustained, the verdict has not been disturbed.

6. DAMAGES — INCOME TAX CONSEQUENCES — JURY INSTRUCTIONS.

It is not error mandating reversal for a trial court to refuse to instruct a jury on the income tax consequences of a damage award.

*James F. Finn & Thomas A. Ricca,* and *Harris J. Berman,* for plaintiffs.

*John M. Thomas,* and *Harvey, Kruse, Westen & Milan, P.C.* (by *John A. Kruse* and *Gary L. Stee),* for defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and CYNAR, JJ.

PER CURIAM. Ford Motor Company (hereinafter defendant) appeals from the May 17, 1985, Wayne Circuit Court judgment entered in favor of plaintiffs, Michael E. Harrigan and his wife Mathilda Harrigan, and from the denial of its motion for entry of a judgment of no cause of action and its motion for judgment notwithstanding the verdict for a new trial or for remittitur.

This controversy arises out of a July 25, 1980, single vehicle accident in the State of Kentucky. On that day, plaintiff Michael Harrigan, a Kentucky resident and truck driver, was driving an eighteen-wheel tractor-trailer which left the roadway as he went around a curve near Pikeville, Kentucky. The tractor, a Ford CLT 9000, was manufactured in Kentucky. Mr. Harrigan suffers quadriplegia as a result of the severe cervical spinal column and spinal cord injuries he sustained in the accident. It was plaintiffs' theory that the accident was caused by a failure in the tractor's air brake system. Defendant argued that it was Mr. Harrigan's negligence in entering the curve at an excessive speed that caused the rig to roll over and leave the roadway. Defendant also presented evidence that Mr. Harrigan told the ambulance driver who transported him from the accident scene that he had fallen asleep at the wheel.

As reflected in the February 21, 1985, verdict form, the jury found that defendant manufactured the truck with a defect in the braking system

which made the truck unreasonably dangerous, that the defect proximately caused plaintiffs' injuries, that Mr. Harrigan sustained damages totalling $12,000,000, that Mrs. Harrigan's damages for loss of consortium totalled $1,000,000, that Mr. Harrigan was negligent in operating the tractor, that his negligence was a contributing proximate cause of the accident, and that seventy-five percent of the total combined negligence was attributable to him.

On May 2, 1985, a hearing was held on defendant's motion for entry of no cause of action. Defendant argued that Kentucky law governed and that, under Kentucky law, Mr. Harrigan's contributory negligence barred recovery. The hearing was adjourned to May 9, 1985, when the trial judge, John H. Gillis, Jr., found that Kentucky substantive law controlled but that, in Kentucky products liability cases, the doctrine of comparative negligence applies. Defendant's request for reconsideration was denied.

On May 17, 1985, judgment was entered for Mr. Harrigan against Ford Motor Company in the amount of $2,987,500, reflecting the reduction for his own negligence and the deduction of a $50,000 settlement with another defendant. Judgment was entered for Mrs. Harrigan in the amount of $250,000.

Defendant filed a motion for judgment notwithstanding the verdict, new trial or remittitur, renewing its argument that, under Kentucky law, judgment of no cause of action should be entered in its favor. Defendant further challenged the sufficiency of the evidence and the trial judge's failure to instruct the jury as to Mr. Harrigan's failure to use a seat belt. Defendant also argued that the verdict was so grossly excessive that

defendant was entitled to a new trial. The motion was denied in its entirety on June 21, 1985.

On appeal defendant argues that, under controlling Kentucky law, Mr. Harrigan's contributory negligence bars plaintiffs' recovery. Plaintiffs do not disagree that Kentucky substantive law controls and, in light of the Kentucky Supreme Court's decision in *Reda Pump Co v Finck,* 713 SW2d 818 (Ky, 1986), they do not disagree that Kentucky law mandates that a plaintiff's contributory negligence bars recovery in a products liability case.[1] Plaintiffs argue, however, that defendant is precluded from advancing a defense of contributory negligence as a total bar to recovery, having argued this case, and having agreed to submit it to the jury, on comparative negligence.

Review of the record discloses only two instances when "contributory negligence" was mentioned prior to submission of the case to the jury. In its August 27, 1981, answer to plaintiffs' complaint, defendant asserted in its affirmative defense that "the plaintiff was negligent, contributorily negligent, comparatively negligent in failing to act as a reasonable, prudent person would under the circumstances." Arguing forum non conveniens, defendant accompanied its answer with a motion

---

[1] The Product Liability Act of Kentucky, Ky Rev Stat 411.300 *et seq.,* (effective June 17, 1978), provides in pertinent part:

> In any product liability action, if the plaintiff failed to exercise ordinary care in the circumstances in his use of the product, and such failure was a substantial cause of the occurrence that caused injury or damage to the plaintiff, the defendant shall not be liable whether or not said defendant was at fault or the product was defective. [Ky Rev Stat 411.320(3).]

In *Reda Pump Co,* the Kentucky Supreme Court held that Ky Rev Stat 411.320(3) absolutely bars recovery in products liability actions where the plaintiff is contributorily negligent and the plaintiff's negligence is a substantial cause of the occurrence which caused the injury; the court further held that the statute is not unconstitutional. 713 SW2d 821.

asking the Wayne Circuit Court to decline jurisdiction and dismiss the complaint so that the case could be brought in Kentucky. In support of its motion, defendant argued, inter alia, that "Kentucky law as to negligence, contributory negligence and breach of warranty would control." Pretrial judge Charles Farmer denied the motion without prejudice. The motion was later renewed, and denied by Judge Farmer. Neither at the original hearing on the motion nor on rehearing was there any mention of the doctrine of contributory negligence. Kentucky contributory negligence principles were not invoked in any other pretrial pleadings.

Review of the trial record discloses no reference to the affirmative defense of contributory negligence as a total bar to recovery. The parties and Judge Gillis, the trial judge, conducted the trial strictly on the assumption that the doctrine of comparative negligence would apply. On the first day of the three-week trial, for example, defendant argued that Kentucky substantive law controlled and asked that evidence of Mr. Harrigan's failure to use a seat belt be admitted as relevant to the issue of his comparative negligence.[2] The judge

---

[2] Defense counsel argued:

> But more importantly, if the Court please, is that Kentucky —and we are dealing in this case with Kentucky law because all the substantive law in this case is from Kentucky this is a Kentucky case, it should be in Kentucky.
>
> Judge Farmer, on at least six occasions, decided to transfer it to Kentucky and changed his mind.
>
> Everything in this case is in Kentucky; the witnesses are all from Kentucky, with the exception of experts, and Kentucky law applies: the substantive law of Kentucky.
>
> And the substantive law of Kentucky, insofar as we've been able to determine, is totally silent on the issue.
>
> Last summer they first came in with comparative negligence; their supreme court adopted it and they are not totally silent.
>
> I will submit to the Court, that every state that has adopted

ruled that "testimony on comparative negligence
on the part of the plaintiff for not wearing a
seatbelt" would not be admitted.

The parties' discussion about questions to be
asked of prospective jurors on voir dire similarly
reflects their mutual understanding that the case
would go to the jury on comparative negligence.[3]

comparative negligence has then eliminated the exclusionary
rule as to seatbelts and said it is a matter to be considered by
the jury with the exception of Michigan.

I will also state that every state in the union that has
excluded seatbelt evidence—the states that have excluded it,
and I think this because I have argued it so many times—are
the states with the wide open spaces.

The states that have excluded it are Nevada, Arizona, Colo-
rado, Texas.

Those states that are populated that have decided the issue:
Florida, New York, Pennsylvania, Maryland, California, have
all decided against the exclusionary rule and have permitted
seatbelt.

I submit that since Kentucky law is silent that we have to
assume that they are going to adopt the majority view, which is
that the failure to use a seatbelt can be considered by the jury.

It is not negligence per se, not negligence as a matter of law,
but it can be considered by the jury in determining whether or
not the plaintiff acted with reasonable care for his own safety
and thus, whether or not it is sufficient to cause a reduction in
the amount of his damages.

So, we strongly suggest to the Court that Kentucky law
would permit this, Kentucky being a populated state and a
mountainous state as opposed to a flat wide open state with
highways that go for hundreds and hundreds and hundreds of
miles with nothing and for some reason that seems to be the
division between the states.

*   *   *

We request the Court's permission to argue comparative
negligence on the basis of the seatbelt.

We intend to argue it on other bases, too, but on the basis of
the seatbelt included.

[3] In the following exchange, plaintiffs' counsel expresses dissatisfac-
tion with a voir dire question proposed by defendant:

Mr. Finn [plaintiffs' counsel]: Number 1, your Honor.

It is an incorrect statement of the law on the question of
negligence because I think it is really one that must go back to
the days when it doesn't deal with comparative negligence.

Mr. Kruse [defendant's counsel]: It doesn't have to.

The parties were given ample opportunity to submit proposed jury instructions to the trial judge. They agreed that the jury would be instructed on the doctrine of comparative negligence.[4] In closing argument, defense counsel noted that the doctrine of comparative negligence would be applied.[5] Without objection, the jury was given

It is still the law that if the accident was caused solely by the plaintiff that they are not entitled to recover.

*Mr. Finn:* But that is not what it says. It says:

"If you find the plaintiff was negligent or caused her own injury or was the sole cause of the accident . . . ."

It is asking for an opinion from the jury in advance, which Mr. Kruse objected to on ours so at least I can return it.

*Mr. Kruse:* Well, I'll only ask them if they find that plaintinff in this case was the sole cause of his own accident, could they return a verdict of no cause of action.

That's all I'll ask them.

*Mr. Finn:* I don't have any objection to that one.

*Mr. Kruse:* All right.

[4] The following is an excerpt from the parties' conference with the trial judge concerning how the jury would be instructed:

*Mr. Kruse [defendant's counsel]:* 15:02 is negligence of the plaintiff and goes to proximately contributed. So that would be proper.

*Mr. Ricca [plaintiffs' counsel]:* But the—

*Mr. Kruse:* It goes along with 16.01, which I believe is comparative negligence—or 11.01.

*Mr. Ricca:* I think it's 11.01.

That's the only question I have there. We agree on the law, but I think it should be grouped differently, that 15.02 should be grouped, so it's less confusing to the jury, with comparative negligence, because that's what—

*Mr. Stec [defendant's counsel]:* That will follow it.

*Mr. Kruse:* I think that would be the first one that follows it. 11.01 and then 16—11.01, then 15.02—so they do go right together.

*The Court:* Yeah, 11.01 would be comparative. Then I would go to 15.02 definition of proximately contributed.

[5] If Ford's truck was defective, then under the rules of our country and our society, Ford should be obligated to pay this man some money. Not that money, but some money. And, of course, any fault of Ford would be decreased—any amount they

the standard jury instruction, and corresponding verdict form, on comparative negligence. SJI2d 11.01, 66.01. Not until seven weeks after the jury was discharged did defendant argue that Mr. Harrigan's contributory negligence was a total bar to recovery.

As noted *supra*, the trial judge found that, under controlling Kentucky law, this case was properly submitted to the jury under the doctrine of comparative negligence. On the authority of *Reda Pump Co v Finck, supra,* we are constrained to find that the trial judge erred in ruling that Kentucky permits application of the doctrine of comparative negligence in products liability cases. We nevertheless find that application of the doctrine of comparative negligence in this case did not constitute error requiring reversal.

On appeal, parties are held to the theory upon which the case was tried without objection. *Westman v Brumm,* 248 Mich 387, 389; 227 NW 764 (1929); *Gustin v Ziem,* 289 Mich 219, 224; 286 NW 219 (1939).

The parties tried this case on a theory of comparative negligence. Evidence of Mr. Harrigan's negligence was presented in support of that theory, not in support of a theory of contributory negligence as a total bar to recovery. There was no objection to the court's comparative negligence instruction, which informed the jury that Mr. Harrigan's negligence, if any, did not bar recovery. See SJI2d 11.01.

We are persuaded that any error in the trial judge's failure to instruct the jury on contributory negligence as a total bar to recovery was precipitated by the parties' deliberate choice of trial

owe would be decreased by the amount he himself contributed to the accident. The Judge will also tell you that.

strategy.[6] As the Supreme Court has observed, it is "elementary" that "[e]rror to be reversible must be error of the trial judge; not error to which the aggrieved appellant has contributed by planned or neglectful omission of action on his part." *Smith v Musgrove,* 372 Mich 329, 337; 125 NW2d 869 (1964).

The concern of this Court is with whether the parties received a fair trial. We are not persuaded that the trial in this case was unfair to defendant, and we find no error requiring reversal in application of the doctrine of comparative negligence.[7]

---

[6] Seven weeks after trial, in support of its notice of entry of judgment, defendant filed a brief in which it argued vigorously that plaintiff's contributory negligence was a complete bar to recovery under the Products Liability Act of Kentucky. Ky Rev Stat 411.300 *et seq.* There was no change in Kentucky law between the trial and the filing of defendant's brief. If at the time of trial defendant were persuaded that it was in its best interest to proceed under a theory of contributory negligence, it could have made the same arguments later made in support of its notice of entry of judgment. It did not do so. On the contrary, it actively and affirmatively proceeded on the theory of comparative negligence. We conclude, therefore, that it chose deliberately to proceed on that theory.

[7] In *Reda Pump Co v Finck, supra,* as in the instant case, the jurors were instructed on comparative negligence. They found that both parties were negligent and prorated liability between them—34.25 percent to the plaintiff and 64.25 percent to the defendant. The Kentucky Supreme Court reversed and directed that the complaint be dismissed, rejecting the plaintiff's argument that the case should be remanded for retrial:

Appellee contends that in the event the judgment is reversed, the case should be remanded for retrial. However, the issue of Finck's negligence was submitted to the jury, and he was found to be contributorily negligent. We are not cited to any reason why that finding is erroneous except the postulation by appellee that if the jury had known a finding of contributory negligence would bar appellee's recovery, the jury might have found him free of contributory negligence. We cannot countenance an argument premised upon a supposition that a jury being convinced of one state of facts would make a finding diametrically opposite solely in order to permit a recovery by the plaintiff.

The judgment is reversed with direction that the complaint and the intervening complaint be dismissed. [713 SW2d 821.]

We are not persuaded that a similar result is mandated in this case. The defendant in *Reda Pump* preserved the contributory negligence issue by asserting it at trial. 713 SW2d 819. We are persuaded that defendant chose to try this case as a comparative negligence case, and that the parties' conduct of the trial was determined by that deliberate choice. Thus, notwithstanding the applicability of Kentucky law, which plaintiffs do not dispute, and the jury's finding of Mr. Harrigan's substantial negligence, we are persuaded of no error requiring reversal.

We disagree with the dissent's statement that "[h]ad the trial court instructed the jury that a finding of contributory negligence was a defense and the jury returned a verdict of no cause of action, a serious appealable issue would have resulted." The dissent's reliance on *Hilen v Hays*, 673 SW2d 713 (Ky, 1984), and *Lewis v Inland Steel Co*, CCH Prod Liab Rep, ¶ 10,253, p 26,883 (Ky App, 1984), is, in our opinion, misplaced.

In *Hilen*, an auto accident case, the Kentucky Supreme Court replaced the traditional Kentucky rule of contributory negligence with the doctrine of comparative negligence in ordinary negligence cases. Addressing Ky Rev Stat 411.320, the Supreme Court stated that the question of whether the statute was to be construed as providing for contributory negligence as a complete defense to a product liability action remained open. 673 SW2d 715. In *Lewis*, a product liability case arising out of a 1973 accident, the Kentucky Court of Appeals, remanding for new trial on another ground, directed that, in light of *Hilen*, the jury instructions on retrial should conform to the doctrine of comparative negligence. The court's opinion was modified on denial of rehearing (January 11, 1985), to provide: "To avoid any misunderstanding, we note that because the fatal injury in the instant action occurred before 1978, the provisions of KRS 411.320 are not applicable to this case." *Lewis, supra*, p 26,886, n 2.

In *Anderson v Black & Decker (US), Inc*, 597 F Supp 1298, 1299, n 2 (ED Ky, 1984), a Kentucky product liability case, the federal district court rejected the plaintiff's reliance on *Lewis*, and held that Ky Rev Stat 411.320 clearly and unambiguously provides that a plaintiff's contributory negligence is a total bar to recovery.

Thus, in addition to the fact that the plain words of the Kentucky Product Liability Act provide for contributory negligence as a bar to recovery in product liability cases, prior cases construing Kentucky law were not inconsistent with the result reached in *Reda Pump*. We are persuaded that, if defendant had argued at trial that Michael Harrigan's negligence totally barred recovery as a matter of law, and if the jury, instructed on that theory, had returned a verdict of no cause of action, no "serious appealable issue" would have thereby been presented. The jury instruction would have been supported by ample authority.

In this case, however, it was not until several weeks after discharge of the jury, and after presenting its case strictly on a comparative negligence theory, that defendant argued that recovery was barred as a matter of law by Michael Harrigan's contributory negligence. For the reasons stated above, we are persuaded of no error requiring reversal or remand for new trial.

Challenging the trial judge's denial of its motion for new trial, defendant next argues that the jury's finding that a manufacturing defect contributed to the accident was contrary to the overwhelming weight of the evidence.

The grant or denial of a motion for new trial on the ground that the verdict is against the great weight of the evidence is a matter addressed to the sound discretion of the trial judge, whose exercise of that discretion will not be disturbed on appeal unless a clear abuse is shown. *Bosak v Hutchinson,* 422 Mich 712, 737; 375 NW2d 333 (1985), reh den 424 Mich 1201 (1985). The standard of this Court's review of a trial judge's denial of a motion for new trial recognizes the unique opportunity of the jury and trial judge to observe the witnesses:

> The trial court, upon a motion for a new trial on the grounds here urged, determines in the first instance the question, and this court, upon such question being properly saved and presented for review, determines whether error was committed by the trial court on such grounds. But in the determination of the question in this court it must be borne in mind that this court is not the trier of the facts. We cannot invade the province of the jury. It must also be kept in mind that the trial judge heard and saw the witnesses, was in a position to judge of their credibility and their mental capacity; that the presumption that he correctly measured them must be considered, and that we may not set aside a verdict unless it is manifestly against the clear weight of the evidence. [*Pachuczynski v Detroit United Railway,* 202 Mich 594, 596; 168 NW 418 (1918).]

We have carefully considered defendant's claim of error and are persuaded of no error in the trial judge's rejection of defendant's challenge to the adequacy of the evidence. It was plaintiffs' theory

that the rear tractor brakes failed because of a defective brake hose. Plaintiff Michael Harrigan testified that the brakes failed soon after he applied them upon entering the curve in the road. Plaintiffs presented expert testimony that the brake hose was defective and that the hose did not break in the accident. There was expert testimony that the configuration of skid marks supported plaintiffs' description of the accident.

Although defendant presented extensive expert evidence which, if believed, would have cast considerable doubt on plaintiffs' theory of the accident, the trial judge, who saw and heard the witnesses, declined to grant a new trial. Review of the record persuades us of no abuse of the trial judge's discretion; the verdict is not manifestly against the clear weight of the evidence.

Defendant also challenges the trial judge's refusal to allow introduction of evidence of plaintiff Michael Harrigan's failure to use a seat belt. Defendant states that Kentucky law controls but observes that there is no Kentucky case which has decided this issue.[8] In the absence of controlling Kentucky law, we look to pertinent Michigan law.

---

[8] Plaintiffs have called our attention to the Kentucky Court of Appeals decision in *Wemyss v Coleman*, decided August 15, 1986 (Docket Nos. 85-CA-1645-MR, 85-CA-1794-MR) where the court acknowledged that the issue of the availability of a defense based on nonuse of a seat belt had not been decided in Kentucky, and where the Court concluded:

It is our reasoned opinion that as a tortfeasor must take his victim as he finds him and, more importantly, as one's failure to use a seat belt in no way causes or contributes to the cause of the accident, the trial court was correct in denying the defendants the use of evidence bearing on this defense at trial. We further believe that the availability of expert testimony as it relates to the use or nonuse of a seat belt is an issue which should be decided by our legislature and not by case law. The other states are somewhat split on the subject, and some that approve of the defense of failure to use a seat belt have statutory authority to back them up. As the legislature has spoken on most other matters concerning vehicles, as for exam-

*Bostrom v Jennings,* 326 Mich 146, 154; 40 NW2d 97 (1949). Under Michigan law, the ruling of the trial judge in this case was proper. *Kirk v Ford Motor Co,* 147 Mich App 337, 341-342; 383 NW2d 193 (1985), lv den 426 Mich 866 (1986); *Hierta v General Motors Corp,* 147 Mich App 274; 382 NW2d 765 (1985); *Lowe v Estate Motors Ltd,* 147 Mich App 523; 382 NW2d 811 (1985), lv gtd 425 Mich 872 (1986); *DeGraff v General Motors Corp,* 135 Mich App 141; 352 NW2d 719 (1984), lv den 422 Mich 852 (1985); *Schmitzer v Misener-Bennett Ford, Inc,* 135 Mich App 350; 354 NW2d 336 (1984), lv den 422 Mich 852 (1985).

Next, defendant claims that the total damages set unanimously by the seven-person jury—$12,000,000 for Mr. Harrigan and $1,000,000 for Mrs. Harrigan—are excessive and should shock this Court's conscience. The trial judge, denying defendant's motion for new trial or remittitur, rejected this claim.

The question of damages was fundamentally a question for the jury in this case; the scope of our review is limited by the presumption that, if the damages were excessive, the trial judge would have granted relief. *Aho v Conda,* 347 Mich 450, 455; 79 NW2d 917 (1956). The rationale for, and nature of, the limited scope of appellate review of

ple, in [Ky Rev Stat] Chap. 189 *et seq.,* and [Ky Rev Stat] 304.39 *et seq.,* we believe the legislature is the appropriate body to determine whether there is a duty to wear a seat belt and the consequences for the breach thereof. [Slip opinion, page 6.]

The Kentucky Supreme Court granted a motion for discretionary review in *Wemyss,* No. 86-SC-703-DG. The Kentucky Court of Appeals decision is thus not to be cited as authority in any Kentucky court. Kentucky Rules of Civil Procedure 76.28(4)(c). The Kentucky Supreme Court has rendered no decision in *Wemyss,* on which oral arguments were heard on March 6, 1987.

[The opinion of the Kentucky Court of Appeals will not be published unless publication is ordered by the Kentucky Supreme Court. Kentucky Rules of Civil Procedure 76.28(4)(a).—Reporter.]

jury awards was recently described by the Supreme Court:

> [D]ecisions of this Court state that awards for personal injury should rest within the sound judgment of the trier of fact, particularly awards for pain and suffering, and recognize that there is no absolute standard by which to measure such awards. Such deference in part reflects recognition that the trier of fact observes live testimony, while an appellate court reviews a printed record. In a case tried to a jury, such deference may further reflect a reliance on the communal judgment of the members of the jury in awarding monetary compensation for such imponderables as pain and suffering.
>
> In reviewing damage awards in cases tried to juries, this Court has asked whether the award shocks the judicial conscience, appears unsupported by the proofs, or seems to be the product of improper methods, passion, caprice, or prejudice; if the amount awarded falls reasonably within the range of the evidence and within the limits of what reasonable minds would deem just compensation for the injury sustained, the verdict has not been disturbed. [*Precopio v Detroit*, 415 Mich 457, 464-465; 330 NW2d 802 (1982).]

The evidence in this case establishes that, as a result of injury to his spinal column at the C-6, C-7 level, Mr. Harrigan was rendered immediately and irreversibly quadriplegic in the accident. He has no function of the muscles of his lower extremities, his hands, his trunk or his abdomen. He has very limited control of some arm and shoulder muscles. He is paralyzed from the collarbone down, and has no bladder or bowel control. His bowel is emptied by suppository stimulation. Bladder evacuation is by intermittent catheterization. He has some spontaneous, involuntary bladder voiding. Mrs. Harrigan has assumed primary responsibility for his

bladder and bowel control. His ability to breathe and cough is diminished. He has lost sensation to pain, pressure and temperature. Sexual activity between Mr. and Mrs. Harrigan is no longer possible.

Mr. Harrigan is at great risk to develop pressure sores and must frequently move or be moved. In August, 1981, he underwent surgery to repair a pressure sore on his tailbone.

An attempt to align Mr. Harrigan's spinal column surgically was unsuccessful and, in September, 1980, a halo traction device was attached by pins attached to his skull. That device likewise was unsuccessful in achieving correct anatomical configuration of his spine.

At the time of the accident, Mr. Harrigan was a healthy, 210-pound, six-foot, six-inch, active, twenty-seven-year-old father of a baby son. For the rest of his life, he will be paralyzed and in need of constant care and attention. Mrs. Harrigan has suffered the permanent loss of her husband's active companionship and support. All agree that the catastrophic nature of their losses is not subject to precise economic evaluation. The jurors were nonetheless obligated to determine just compensation in monetary terms. The conscience of this Court is not shocked by the jury's exercise of its communal judgment in that endeavor.

In its final assignment of error, defendant claims that the trial judge erred in refusing to instruct the jury that any award to plaintiffs would not be subject to income taxation. The Supreme Court recently acknowledged the practice, consistent with the majority rule, that juries are not instructed on the income tax consequences of damage awards. *Kovacs v Chesapeake & O R Co,* 426 Mich 647, 650-651; 397 NW2d 169 (1986), reh den 428 Mich 1201 (1987). See also *Kirk v Ford Motor*

*Co, supra,* p 347. We are persuaded of no error in the trial judge's adherence to the majority rule in this case.

Affirmed.

CYNAR, J. *(dissenting).* I respectfully dissent on one issue only. In my opinion, fairness and justice call for a reversal of the lower court ruling and retrial of this case.

The Kentucky statute, Ky Rev Stat 411.320(3), provides:

> In any product liability action, if the plaintiff failed to exercise ordinary care in the circumstances in his use of the product, and such failure was a substantial cause of the occurrence that caused injury or damage to the plaintiff, the defendant shall not be liable whether or not said defendant was at fault or the product was defective.

It is a fair observation that the defendant did plead contributory negligence, and relied on proofs denying negligence on its part and contending negligence on plaintiff's part.

Plaintiffs contended, the trial court agreed, and the trial was conducted on the basis that, under the law in the State of Kentucky, comparative negligence applied in this product liability action.

The trial court, in ruling on the motion for entry of judgment of no cause of action in the instant case, stated:

> So this Court's opinion is that the law today is [sic] the state of Kentucky is that comparative negligence is the law on product liability actions and regular negligence cases because—and I rely on this Inland v Steel [sic] case which was handed down in October of 1984. And therefore, the motion for entry of judgment of no cause of action is

denied. I'll sign the judgment as rendered by the jury.

* * *

Well, my reading of Hilen, in the Hilen v Hayes case, the Supreme Court adopted comparative negligence in Kentucky in regular negligence cases and that in the Lewis v Inland Steel case, the Court of Appeals took the Hilen v Hayes case and extended it to include product liability cases by directing that when that case be retried, that the jury be instructed on the issue of comparative negligence because their interpretation is that the State statute now has comparative negligence.

That's my reading of the case and the ruling will remain the same on that.

The trial court applied Kentucky law in this case. The trial court, based on its reading of the Kentucky Supreme Court cases of *Hilen v Hayes*, 673 SW2d 713 (Ky, 1984), and the Kentucky Court of Appeals case of *Lewis v Inland Steel Co*, CCH Prod Liab Rep, ¶ 10,253 (Ky App, 1984), ruled that the Kentucky Supreme Court adopted comparative negligence in product liability cases.

Even if the trial court's reading of *Hilen* and *Lewis* was disputed, reversal on appeal would not appear likely, absent subsequent applicable Kentucky law to the contrary. Had the trial court instructed the jury that a finding of contributory negligence was a defense and the jury returned a verdict of no cause of action, a serious appealable issue would have resulted.

On July 3, 1986, after the initial appellate briefs had been submitted in this case, the Kentucky Supreme Court expressly ruled that contributory negligence is an absolute bar to recovery in product liability cases. *Reda Pump Co v Finck*, 713 SW2d 818, 821 (Ky, 1986). The *Reda* court observed in part:

We adhere to the principle that the establishment of public policy is the prerogative of the General Assembly. *If there is any present conflict or confusion in the law applicable to products liability actions it is of our own making.* We resolve the issue now by holding that [Ky Rev Stat] 411.320(3) absolutely bars recovery in products liability options [sic] where the plaintiff is contributorily negligent and his negligence is a substantial cause of the occurrence which caused his injury, and by further holding that [Ky Rev Stat] 411.130(3) is not unconstitutional. [Emphasis added.]

Construction of Kentucky's statutes is best left to Kentucky courts.

However, in my opinion, the *Reda* court proceeded further than justice and fairness indicated. *Reda* additionally ruled that, since the jury found comparative negligence, recovery by plaintiff was not permitted.

Based on MCR 7.216(A)(7), formerly GCR 1963, 820, relief from judgment may be granted as the case may require. I would rule to set aside the judgment and remand the case for a new trial with the question of contributory negligence being submitted to the jury for determination if a fact question was involved.