Leonard E. DONAHOO, Plaintiff,

v.

**TURNER CONSTRUCTION COMPANY, Defendant.**

No. 90–73341.

United States District Court,
E.D. Michigan, S.D.

Sept. 24, 1993.

Frederick Metry, Detroit, MI, Terrance Lynch, Farmington, MI, for plaintiff.

David Sekerak, Novine, MI, Brian Cermak, Troy, MI, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, MOTION FOR REMITTITUR

GADOLA, District Judge.

On May 10, 1993, a jury awarded plaintiff $4,383,000. On May 26, 1993, defendant filed the instant motion for new trial or, in the alternative, for remittitur. Plaintiff responded June 9, 1993. Defendant filed a reply June 17, 1993 and a supplemental reply August 25, 1993. Pursuant to Local Rule 7.1, subsections (e)(2) and (h)(2), the court canceled the oral argument on this matter. LR 7.1(e)(2) and (h)(2) (E.D.Mich., Jan. 1, 1992).

### I. Defendant's Motion

This lawsuit arose out of a construction accident. Plaintiff was injured by a passing truck as a result of defendant's failure to erect a proper walkway around its construction site. Defendant does not question the jury's finding of liability for the accident. Rather, defendant's motion is directed only to the issue of damages. Defendant claims that the jury award was against the weight of the evidence, that the plaintiff's closing argument was improper, and that the verdict was excessive.

### II. Standard of Review

Rule 59 of the Fed.R.Civ.P. states that

[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trial have heretofore been granted in actions at law in the courts of the United States.

The granting of a new trial on the ground of excessiveness of the verdict is a procedural matter which lies within the discretion of the district court. *Blasky v. Wheatley Trucking, Inc.*, 482 F.2d 497, 498 (6th Cir.1973). In a diversity action, the appropriateness of a damage award is a substantive question governed by state law. *Hanna v. Plumer*, 380 U.S. 460, 474, 85 S.Ct. 1136, 1145–46, 14 L.Ed.2d 8 (1965); *Blasky*, 482 F.2d at 498.

### III. *Analysis*

#### A. Whether the Verdict Was Against the Weight of the Evidence

■ Defendant claims that the jury incorrectly connected the July 24, 1989 accident with Mr. Donahoo's hypertension and inability to return to work. Plaintiff, on the other hand, claims that the evidence supported a finding by the jury that the stress of the accident and plaintiff's ensuing medical problems caused, or at least greatly aggravated, a hypertension condition that prevented plaintiff from returning to work. Plaintiff points specifically to the testimony of Dr. C. Kenneth Peters that plaintiff's hypertension was "certainly" aggravated by the accident. Defendant called no medical experts to testify as to whether or not the hypertension was related to the accident. Thus, the court finds that the jury could rationally have found a connection between the accident and plaintiff's hypertension.

#### B. Whether Plaintiff's Closing Argument Was Improper

■ In closing argument, plaintiff's counsel submitted a measure of damages for pain and suffering of $150.00 per day until plaintiff reached the age of 74. Plaintiff's counsel explained to the jury that this figure was arrived at by estimating what it would have cost the defendant to hire two flagmen at $7.50 per hour each for 10 hours per day.

Defendant argues that the cost of hiring two flagmen is in no way related to plaintiff's actual damages for pain and suffering and that therefore, plaintiff's closing argument

instructed the jury to impose an impermissible penalty on defendant in violation of applicable Michigan law. The court agrees that the pay of two flagmen is irrelevant to a calculation of plaintiff's pain and suffering. The law, however, dictates no method of calculating pain and suffering damages. The court finds there was sufficient evidence of plaintiff's injuries and the pain and suffering such injuries produced, to support an award of $150 per day.

■ Under Michigan law, awards for personal injury rest within the sound judgment of the trier of fact, particularly awards for pain and suffering. *Precopio v. Detroit*, 415 Mich. 457, 464, 330 N.W.2d 802 (1982). There is no absolute standard by which to measure pain and suffering and no trier of fact can value it with mathematical certainty. *Id.* at 464–65 & 470–71, 330 N.W.2d 802.

■ Defendant makes the assumption that an award of pain and suffering damages of $150 per day must have been punitive. The court, however, does not find that such an amount awarded for pain and suffering, in light of the testimony as to plaintiff's injury and the pain associated with it, is inherently excessive and thereby punitive. Although the plaintiff's reference to the flagmen did imply that the imposition of pain and suffering damages should punish defendant for its negligence in failing to hire flagmen, the argument did not request punitive or exemplary damages. Rather, the argument was directed at calculating damages for pain and suffering. The court cannot assume that the jury intended to punish the defendant through an award of $150 per day.[1]

#### C. Whether the Verdict Was Excessive

■ The defendant claims that the total damages award of $4,383,000, unanimously agreed upon by the jury, shocks the conscience and alone justifies a new trial. As stated *supra*, awards for personal injury rest within the sound judgment of the trier of fact, particularly awards for pain and suffer-

---

1. One hundred fifty dollars per day for pain and suffering has not been demonstrated by the defendant to be inherently excessive. Defendant's legal research focuses only on the impropriety of

an award of exemplary or punitive damages in a case such as this. Defendant makes no argument on the issue of whether $150 per day for pain and suffering is inherently excessive.

ing. *Harrigan v. Ford Motor Co.*, 159 Mich. App. 776, 791, 406 N.W.2d 917 (1987), *citing Precopio*, 415 Mich. at 464–65, 330 N.W.2d 802. In reviewing damage awards in cases tried to juries, a court must ask whether the award shocks the judicial conscience, appears unsupported by the proofs, or seems to be the product of improper methods, passion, caprice, or prejudice. *Id.* If the amount awarded falls reasonably within the range of the evidence and within the limits of what reasonable minds would deem just compensation for the injury sustained, the verdict should not be disturbed. *Id.*

■ In closing argument, plaintiff's counsel requested the jury to award the following amounts based on the testimony that had been presented at trial:

- $111,917.80 for pretrial wage loss;
- $66,136.39 for pretrial medical expenses;
- $800,000.00 for pretrial pain and suffering (covering the forty-six months between the 1989 accident and the 1993 trial);
- $1,282,500.00 for future wage loss (this based on Mr. Donahoo's annual salary of $47,500.00 at the time of the 1989 accident and the twenty-seven years he had until the normal retirement age of sixty-five);
- $297,000.000 for future medical (based upon 50% of plaintiff's actual medical expenses since the accident projected to the age of seventy-four, his life expectancy);
- $1,971,000.00 for future pain and suffering (based on $15.00 per hour for ten hours a day for three hundred sixty-five days projected to the age of seventy-four);

The total amount of the damages requested was $4,528,554.10. The amount awarded by the jury, $4,383,000, was $165,554.19 less than the amount requested in plaintiff's closing argument. The court finds that, in light of the evidence of injury presented at trial, the amount awarded by the jury falls reason-

ably within the range of that evidence and within the limits of what reasonable minds would deem just compensation for such injury.

**D. Defendant's Motion for Remittitur**

■ In the event the court denies defendant's motion for a new trial, as it shall, defendant moves for remittitur. Remittitur is justified if the jury verdict is excessive, that is, if the amount awarded is greater than the highest amount the evidence will support. *Palenkas v. Beaumont Hosp.*, 432 Mich. 527, 531–32, 443 N.W.2d 354 (1989). Other factors to be considered by the court in reviewing a motion for remittitur are 1) whether the verdict was the result of improper methods, prejudice, passion, partiality, sympathy, corruption, or mistake of law or fact; 2) whether the verdict was within the limits of what reasonable minds would deem just compensation for the injury sustained; and 3) whether the amount actually awarded is comparable to awards in similar cases within the state and in other jurisdictions. *Id.*

As discussed *supra*, the court finds that the verdict is within the range of the evidence and within the limits of what reasonable minds would deem just compensation for the injury sustained. The court further found, *supra*, that the verdict does not appear to be the result of improper methods, passion, prejudice, or mistake of law.[2]

■ The Michigan Supreme Court has cautioned against using past awards for analogous injuries as a guidepost for determining whether damages were excessive. *Michigan Dept. of Civil Rights ex rel Johnson v. Silver Dollar Cafe*, 441 Mich. 110, 130, 490 N.W.2d 337 (1992). Analogous cases are only one factor in this decision. *Id.* Defendant offers several cases where the award, arrived at either by a finder of fact or by settlement, was lower than the award in the case at hand. The court finds none of these cases to be factually analogous to the instant case. In any event, the existence of analogous cases is but one factor upon which a reviewing court, in its discretion, *may* rely. *Id.*

---

**2.** Defendant makes only one allegation of impropriety, that is, the closing remark of plaintiff's counsel implying that the imposition of pain and

suffering damages in an amount of $150 would punish defendant for failing to hire flagmen.

Because the court finds the verdict is within the range of the evidence, is reasonable given the injury sustained, and was not the result of passion, prejudice or the like, and because research has not uncovered a sufficient sampling of analogous cases which resulted in awards that would undermine the validity of the award in this case, the court will deny defendant's motion for remittitur.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion for new trial is **DENIED**.

It is further **ORDERED** that defendant's alternative motion for remittitur is hereby **DENIED**.

**SO ORDERED**.